MARY F. GILMORE *vs*. WILLIAM H. MATHEWS.

Waldo.    Decided December 19, 1877.

*Pleading.*

Every traversable fact in the declaration should be set out as having occurred on some particular day, month and year, and directly and clearly, leaving nothing to inference.

Under the statute of 1872, c. 63, § 4, giving actual and exemplary damages to a wife for injuries by an intoxicated husband, against persons contributing to the intoxication, actual damages to person or property or means of support, must be alleged and proved before the plaintiff can recover for exemplary damages ; and without such actual damages, the action cannot be sustained.

ON EXCEPTIONS, arising on a demurrer to the declaration.

CASE : "For that the said plaintiff was duly married to Edward Y. Gilmore, her late husband, thirteen years prior to the date of this writ, and lived with him till the twenty-third day of September last past, on which day he died of delirium tremens caused by excessive and habitual liquor drinking of a poisonous character, sold and furnished him principally by the said defendant, in and at his hotel situated in said Searsport, and that during her said marriage she had by him two sons and one daughter; that at the time of her said marriage, her husband was a gentleman of cultivated manners, good character, liberal education, good business habits and capacity, robust in health, full of hope and promise for the future, and in all respects a delightful and desirable husband, and so remained for several years after their said marriage, but being of social habits and an agreeable companion among gentlemen, and residing near the defendant's hotel and being frequently invited and tempted to go therein and to drink there intoxicating liquors by the said defendant and others, he gradually became intemperate and a spendthrift and drunken to an excess that destroyed his capacity to do business and to maintain his wife and family,—and also destroyed his bodily health, his mental sanity and finally his life, on the said twenty-third day of September last past.

"And the plaintiff avers that for the last six to eight years of his life the said defendant supplied and sold to him the worst

kind of intoxicating liquors to be drank by him daily in his hotel and to bring home to his house in bottles there to drink, and that very much of the intoxicating liquors that her husband so used and drank he obtained of the said defendant, during the last six or eight years of his life, and so made him terrible to look upon and dangerous in the extreme to his wife and children, so much so that the plaintiff was obliged to leave her house frequently, hide herself and seek protection of her neighbors, and to abandon his room and bed altogether for the latter year or two of his life, during which time he had two terrific attacks of 'delirium tremens,' in the last of which he died.

"And the plaintiff further avers that during said years she was obliged to seek and receive support for herself and family from his and her relatives and other friends, solely on account of the said intoxication of the said husband, and that in his moments of intoxication, her said husband destroyed and disposed of four cows of the value of two hundred dollars sent to her by the brother of her said husband for the use and benefit of herself and family, and spent the same mostly for liquor so sold him by the defendant, (one of which was given to her by the donor) and some other property so given to the use of the family, and that during the whole of said period, she lost the society, companionship and much of the love of her said husband by reason of the intoxication and consequent insanity of her said husband, and suffered several severe attacks of sickness from the same cause, and that all of which was well known to said defendant during the whole of said period and protested against to him by this plaintiff and others in behalf of herself and children.

"And the plaintiff further avers that her said husband some years prior to his death had procured an insurance upon his life for the plaintiff's benefit in the Etna Life Insurance Company of Connecticut, so called, which was in full force, and value of $2,000, when her said husband died, but that she lost twelve hundred dollars of the said two thousand so insured by reason of the said intoxication by defendant of her said husband and of his death in consequence thereof as aforesaid,—and was compelled to receive only eight hundred dollars for the same or to lose the

whole, which she had so to accept and did so accept in full discharge of said insurance company on the professional advice of her legal counsel in the case.

"And the plaintiff further avers that the said intoxication became so habitual and dangerous that she was obliged to keep hired help, man or woman, all the time, day and night, for the protection of herself and children from the violence of her said husband, thereby adding largely to the daily expenses of the family, and that in consequence of this and other expenses and losses caused by his said habits of intoxication this plaintiff lost her house and home and became solely dependent on her friends and relatives for a house and home for herself and children, both before and since the death of her said husband, and has not had any house or home of her own, and that but for said habits of intoxication her said husband was capable and inclined to accumulate sufficient property and means to live handsomely during his lifetime and to have left an ample competence to support this plaintiff and their children after his decease, and would have done so and left her and her children independent—and that the defendant's continuous sale daily of said intoxicating liquors to her said husband to be drank by him was the great and almost the sole cause of all her sufferings, losses, sickness and distress of both body and mind as aforesaid during the period aforesaid, and of her present dependent condition, widowhood and ill health and mental anguish—and that by virtue of the statute in such case made and provided she claims to recover damages of said defendant to the amount of ten thousand dollars actual and exemplary ; to the damage," &c.

The presiding justice overruled the demurrer to the declaration; and the defendant alleged exceptions.

*H. D. Hadlock,* with whom was *W. H. McLellan,* for the defendant.

*A. G. Jewett,* for the plaintiff.

DANFORTH, J. This action is founded upon c. 63, § 4, of the acts of 1872, and comes before the law court upon a general demurrer to the declaration.

An indispensable rule of pleading requires that every traversable fact must be alleged as having occurred on some particular day, month and year. *Platt* v. *Jones*, 59 Maine, 232, 240.

In this case there are no such dates, and in this respect the declaration is defective.

It is equally true that every fact necessary to sustain the action should be not only stated, but be set out distinctly and with certainty, leaving nothing to inference.

In both these respects there is a defect in the declaration. If, as we may infer, the plaintiff relies upon an injury to her means of support, it nowhere appears what means were taken from her. True she alleges a marriage, and the liability of the husband to render her a support follows as an inference of law and need not therefore be stated. But whether as a matter of fact he ever did render any support, or that she was in any way dependent upon him or he upon her is not set out. If she did not rely upon him, or if in fact he did not or could not assist in her maintenance without any habits of intoxication, then his drunkenness would hardly be an injury to that which she never had, or which she was deprived of by other causes. If the injury was to means of support which she had independent of him, it should be so stated and the omission would be equally fatal.

We meet with a somewhat similar difficulty if the claim for damages rests upon an alleged injury to property. In the second averment neither the title to, or value of, the cows claimed to have been destroyed and disposed of is set out. If the cows belonged to the husband or his brother, their destruction would be no ground for an action in favor of the wife. If furnished for the use of the family, the plaintiff could have no cause of action except so far as her own interest in the property, or means of support coming out of it, may authorize; the other members of the family having a right of action so far as necessary to protect their own interests. If the cows were the property of the plaintiff and were destroyed by her husband while in a state of intoxication, the rule of damages would rest upon a very different ground from what it would if they were not hers and the destruction diminished her means of support.

What the other property alluded to in the same averment was does not appear and hence cannot be the foundation of an action or of damages.

The next averment relates to the policy of insurance, and perhaps sufficiently sets out the plaintiff's title, but fails to show the injury. It does state that there was a loss of twelve hundred dollars of the sum insured by reason of the intoxication, but the ground of the loss does not appear. It may have been a condition of the policy, or it may have been in consequence of some act of the deceased claimed to have been prompted by his intoxication or for some other cause. What might have been reasonably certain in this respect, is made uncertain by the addition of the fact that the claim was settled by a compromise. Whatever the ground of the loss the defendant had a right to be informed of it before he could be required to answer.

There are other allegations of damage, but none on which the action can rest. Some of them may be useful as tending to show an aggravation of damages and some are worse than useless, as they tend to render obscure and uncertain the grounds on which the plaintiff relies to sustain her action. But whatever is useless and can be separated from the useful, though objectionable as tending to undue prolixity and almost necessarily rendering that which otherwise might be plain and certain, obscure and uncertain, is to be rejected as surplusage, and cannot be taken advantage of on demurrer.

But for an omission of such facts as go to the grounds of the action a demurrer will be sustained. Ordinarily an omission in setting out damages does not go to the foundation of an action, but simply reduces the damages to be recovered to that extent. The violation of a right usually carries with it a claim for some damages. But this action is founded upon the statute and must stand or fall in accordance with its provision.

The act is that "every wife, child, parent, guardian, husband or other person who shall be injured in person, property, means of support or otherwise, by any intoxicated person, shall have a right of action against any person or persons who shall . . . have caused or contributed to the intoxication of such person or per-

sons, and in any such action the plaintiff shall have a right to recover actual and exemplary damages."

Here then the right of the plaintiff alleged to have been violated is not simply by a contribution to the intoxication of the husband, but connected with it an injury to her person, property or means of support as the result of such intoxication. It is as necessary to make out the injury as the intoxication and the contribution. The action must fail if there is a failure in the allegation and proof of either.

From this view, it follows that the death of the husband alone as the result of intoxication is not a cause of action. There must be connected with it an injury to person, or property, or means of support; and the allegations must show distinctly and directly that such an injury occurred to the plaintiff.

It equally follows that actual damages must be shown before those which are exemplary can be recovered. Hence, the allegations as to the death of the husband and of such matters as may increase the exemplary damages are not sufficient ground for the action, even if well pleaded. As the allegations of actual damage are defective on account of the omissions referred to, as well as for the indefinite manner in which they are set out, the demurrer must be sustained. But under the statute the plaintiff may amend upon the payment of costs, as her declaration shows a cause of action, defectively set out.

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.