166 So. 698

## MOBILE BUILDING & LOAN ASS'N v. ODOM.

### 1 Div. 912.

Supreme Court of Alabama.

March 19, 1936.

D. R. Coley, Jr., Geo. W. McRae, and David M. Shapiro, all of Mobile, for appellant.

Jere Austill, of Mobile, for appellee. Brief did not reach the Reporter.

KNIGHT, Justice.

The plaintiff has stated her cause of action against the defendant in five counts. Counts 1, 2, and amended counts 3 and 4 claim damages for fraud and deceit practiced upon the plaintiff by defendant in the sale to her of two certain "membership" certificates in the defendant corporation. The complaint does not disclose the name of defendant's agent who negotiated the sale of the certificates to the plaintiff. However, the evidence shows that, if any fraud or deceit was in fact practiced upon the plaintiff, the defendant's sales agent McElroy was the guilty party.

Count 5 was added on the day of the trial, and in this count the plaintiff claimed of the defendant $500, with interest thereon, from July 30, 1931, for money had and received. The evident theory of this count was that the plaintiff had rescinded the sale and purchase of the certificates referred to in the first four counts of the complaint.

We are fully persuaded that counts 1, 2, and amended counts 3 and 4 each stated a cause of action against the defendant as for fraud and deceit in the sale of the certificates of membership to the plaintiff. And for the purposes of a decision of the case we may assume that the demurrers to said counts were properly overruled.

However, there was manifest error committed by the court in striking defendant's pleas 3, 4, and 5. The pleas were not unnecessarily prolix, irrelevant, frivolous, or unnecessarily repeated, and therefore were not subject to be stricken upon any of said grounds.

■■ Motion to strike is not the proper way to test the sufficiency of a plea. To test its sufficiency, the plaintiff should be put to his demurrer. Louisville & Nashville R. Co. v. Smith, 163 Ala. 141, 50 So. 241; Brooks v. Continental Ins. Co., 125 Ala. 615, 29 So. 13; Wefel v. Stillman, 151 Ala. 249, 44 So. 203. After these pleas were stricken, the defendant filed a plea numbered 5, in the following words: "5. Waiver, in short by consent." Original plea 5 undertook to set up a waiver against the plaintiff, and under this last plea defendant could offer in evidence all matters available to it under stricken plea 5. Therefore the defendant could not have suffered injury by the striking of original plea 5.

The case went to the jury on the plea of the general issue and plea 5 (in short by consent).

■ It is elementary that fraud alone, without damage, will not give a right of action. Code, § 5676; Wall v. Graham, 192 Ala. 396, 68 So. 298; Wilson v. McKleroy, 206 Ala. 342, 89 So. 584.

■ Injury is not merely a consequence following the fraud alleged, but is an essential element of the wrong. There can be no recovery of even nominal damages where the plaintiff fails to show injury sufficient to sustain an action of fraud. The elements of fraud and damage must concur to give rise to an action for damages. Oates v. Glover, 228 Ala. 656, 154 So. 786.

■ The testimony in this case tends to show that the plaintiff was induced by the false and fraudulent representations of the defendant's agent McElroy to buy the certificates of membership, and, while the testimony on this phase of the case was sufficient to carry it to the jury, so far as counts 1, 2, and amended counts 3 and 4 were concerned, yet there was and is no evidence in the case showing, or tending to show, what, if any, damages accrued to plaintiff by reason of the fraud proven.

■ The measure of plaintiff's actual damages under the first four counts of the complaint, setting up fraud and deceit, is the difference between the value of the membership certificates at the time of the discovery of the fraud and the purchase price, or the value the same would have had, if they possessed the qualities represented and within the contemplation of the parties, with interest thereon. Southern Bldg. & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367; Cartwright v. Hughes, 226 Ala. 464, 147 So. 399; Southern Building & Loan Ass'n v. Wales, 224 Ala. 40, 138 So. 556.

■ There was no evidence in the case showing, or tending to show, what the values of the certificates were at the time of the discovery of the fraud or at any other time after the plaintiff purchased the same. Therefore the evidence fails to show that the plaintiff suffered any actual damage by the transaction.

■ Where no actual damage is shown, it is well settled that there can be no re

**22**

covery for exemplary or punitive damages. 27 Corpus Juris, pp. 104, 105, § 265; 17 Corpus Juris, p. 974, § 974; Friedly v. Giddings (C.C.) 119 F. 438; Graham v. Fulford, 73 Ill. 596; Boardman v. Marshalltown Grocery Co., 105 Iowa, 445, 75 N.W. 343; Cole v. Gray, 70 Kan. 705, 79 P. 654; Gilmore v. Mathews, 67 Me. 517; Ganssly v. Perkins, 30 Mich. 492; Western Union Tel. Co. v. Garrett, 59 Okl. 50, 158 P. 619–621.

■ The plaintiff, under the evidence, showed no right to a recovery under the first four counts of the complaint.

Count 5, for money had and received, was added to the complaint on the day of the trial, against the objection and exception of the defendant. There is no merit in this exception.

■ To entitle plaintiff to recover under this count of the complaint, it was encumbent upon her to show that she seasonably rescinded, or offered to rescind, the purchase, and tendered back to the defendant the two certificates of membership, or proved that they were worthless. So far as returning any moneys she may have been paid by the defendant under the certificates, the jury could have deducted any such sums from the amount due the plaintiff. Kyser v. Southern Bldg. & Loan Ass'n, 224 Ala. 673, 141 So. 648; Consumers' Coal & Fuel Co. v. Yarbrough, 194 Ala. 482, 69 So. 897; Gayle v. Pennington, 185 Ala. 53, 64 So. 572.

■ There is a total absence of evidence in this record that the plaintiff ever in fact tendered back the certificates of membership or that said certificates were worthless. That they did have a value the evidence shows beyond dispute. Therefore plaintiff showed no right to a recovery under count 5 of the complaint.

■ In view of the fact that plaintiff was not entitled to recover under any count of the complaint, the court erred in refusing the general affirmative instruction, requested in writing by the defendant.

It follows, therefore, that the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.