79 So.2d 801

**KENDALL ALABAMA COMPANY**

v.

**CITY OF FORT PAYNE.**

7 Div. 221.

Supreme Court of Alabama.

April 28, 1955.

Hawkins & Meadows, Fort Payne, for appellant.

Leonard Crawford and C. A. Wolfes, Fort Payne, for appellee.

MAYFIELD, Justice.

This is an appeal from a final decree rendered by the Circuit Court of DeKalb County, Alabama, in Equity.

Appellant-complainant's amended bill of complaint alleged that, on or about 1 September 1952, complainant set about opening a gasoline service station in the City of Fort Payne, Alabama, which municipality is the respondent-appellee in this action. The bill of complaint alleged that on 12 September 1952, complainant-appellant installed two 4,000 gallon gasoline tanks at its service station in Fort Payne, Alabama. Subsequently thereto, on 16 September 1952, the appellee municipal corporation by ordinance attempted to limit the size of storage tanks at service stations to 1,100 gallons capacity. Among other features of the ordinance was the provision making it unlawful to install tanks of a greater ca-

pacity than 1,100 gallons at any place where gasoline is sold at retail. On the day following the adoption of this ordinance, the municipal corporation notified complainant that it was in violation of this ordinance and would have to remove its 4,000 gallon gasoline tanks which it had installed on or about the 12th of September 1952. The bill further alleged that the respondent municipal corporation threatened to arrest the employees of the appellant company, every day unless the tanks were removed.

Other facts were alleged in the bill of complaint which are not pertinent to the matter here considered on this appeal.

The prayer of the bill of complaint prayed for a decree enjoining respondent from attempting to enforce the ordinance against complainant pending the termination of the suit. Complainant further prayed that on final hearing a decree be entered permanently enjoining respondent from attempting to enforce the ordinance against complainant; or that a decree be entered declaring that complainant was not in violation of the ordinance, or declaring the ordinance void; or for general relief.

The cause was submitted on the pleadings and an agreed statement of facts with additional testimony of certain witnesses.

The trial court rendered its decree denying the relief sought on 26 May 1953. From this decree the complainant-appellant here prosecutes this appeal. The appellant took five assignments of error. This court has repeatedly, continuously, and consistently said that assignments of error that are not argued must be considered as waived. Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838. In the brief before this court, the appellant presents only two propositions of law. No argument whatsoever is advanced in support of Proposition II. Proposition I is directed to a definition of the word "install" citing Funk and Wagnall's and Black's Dictionaries. The argument in support of Proposition I is brief and consumes less than a single page. Neither the proposition nor the argument is addressed to any specific assignment of error. While it is our feeling

that this court should treat with the very right of every cause in so far as it is possible to do so within its established rule, we must reluctantly conclude that the appellant's brief does not constitute a sufficient compliance with Supreme Court Rules 10 and 12, Code 1940, Tit. 7 Appendix, to warrant a review.

However, this court has properly held that it will give a liberal application to its Rules and will condone noncompliance when the record is short and simple, and when a compliance with the cited rules is not essential to an understanding of the argument. McMillan v. Fabretta, 231 Ala. 188, 163 So. 793; Brothers v. Brothers, 208 Ala. 258, 94 So. 175. Therefore, in reliance on these precedents, we have examined the sole contention presented in the appellant's brief, that the Circuit Court erred in not decreeing that its tanks were installed prior to the adoption of the ordinance in question. Unfortunately such a finding was not specifically sought in the appellant's bill, although it did contain a general prayer for relief.

The Chancellor's decree found the following:

"Counsel for the Complainant in their brief set out several definitions of the word 'install', and we have no objection to the definitions as set forth, but it does not necessarily follow from this that we agree with the contention of Complainant, that the ordinance involved did not become effective until after there had been a violation by the Complainant. The mere installation of gasoline storage tanks of 4000 gallon capacity for storage of gasoline is not a violation of the ordinance unless they are installed at a location where gasoline is sold at retail and, under the agreed statement of facts, the station under consideration was not opened for business until after September 17, 1952."

Obviously, the decree of the Chancellor is based on grounds other than those argued by the appellant company. Nothing further being presented for argument, no basis

exists for our reversing the lower court's decree.

We do not here decide the reasonableness of the regulation which point is not argued. Nor have we considered whether such ordinance is a valid exercise of the police power of the municipal corporation. The record is silent as to the present status of the appellant's business.

Accordingly, the decree of the Circuit Court, in Equity, is due to be, and must be, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.