MANHATTAN CREDIT COMPANY *v.* BURNS.

5-1831                                       323 S. W. 2d 206

Opinion delivered April 20, 1959.

*Talley & Owen* and *James R. Howard,* for appellant.

*Wayne Foster,* for appellee.

GEORGE ROSE SMITH, J. In 1957 the appellees, Thornton Burns and his wife, bought a new car from a Little Rock dealer. The purchase was almost entirely on credit and was financed by the appellant, which took

the buyers' note for $2,817.30, secured by a chattel mortgage on the car and on certain household goods. When the car was damaged beyond repair a few months later, it was found that the collision insurance on the vehicle lacked about $700 of being enough to discharge the purchasers' debt to the finance company.

The appellees brought this suit for a cancellation of their note and mortgage, asserting that the appellant finance company had contracted to keep the car insured in an amount equal to the unpaid balance of the note and, further, had assured the Burnses that that amount of insurance would be carried. The appellant denied these assertions and by cross-complaint sought to recover the balance due on the note. The chancellor granted the plaintiffs' prayer for a cancellation of the note and mortgage and held them liable to the finance company for only $50, as the collision insurance policy required the owners to pay the first $50 of the loss.

We think the proof supports the decree. The mortgage was on a printed form supplied by the appellant and contained this provision about insurance: "Mortgagor shall keep said car insured against fire, theft and all physical damage payable to and protecting Mortgagee for not less than the total amount owing on said note until fully paid. Mortgagee may place any or all of said insurance at Mortgagor's expense, if Mortgagee so elects." The finance company in fact elected to take out the insurance, at the purchasers' expense, but the policy that was obtained covered only the actual cash value of the car and for that reason fell short of equalling the unpaid balance of the note. The appellant seeks to excuse its failure to comply with the letter of its contract by proving that it is impossible to obtain collision insurance for more than the cash value of the insured vehicle and by arguing that in any event such a policy would be contrary to public policy and therefore void.

Assuming but not deciding that this position is well taken we are nevertheless of the opinion that the chancellor was justified in finding that the sales contract was procured by material misrepresentations about the pro-

posed insurance coverage. Burns testified that he was assured during the negotiations "that I would be fully covered, that the insurance would take care of my note." This testimony is not really denied by the car salesman, who could not remember exactly what was said and who conceded at one point in his testimony that it would not be surprising if such a representation was made. Nor is Burns' version of the matter denied by the finance company employee who participated in the negotiations. This witness testified that he told Burns that "he had $50 deductible collision insurance on the car," but with respect to the car being insured to the full amount of the note the witness said, "I don't remember exactly whether or not we told him he was not covered to the full note or not. I wouldn't swear that I did tell him that and I wouldn't swear that I didn't tell him that."

Burns' version of the matter is strongly corroborated by the recital in the contract, quoted above, that the insurance was to be not less than the total amount owed on the note. We think the proof sufficient to establish the fact that the contract was obtained by misrepresentation, and this is so whether the case falls within the ordinary rule that fraud is to be proved by a preponderance of the evidence, *Hildebrand* v. *Graves,* 169 Ark. 210, 275 S. W. 524; *Gregory* v. *Consolidated Utilities,* 186 Ark. 406, 53 S. W. 2d 854; *Rose* v. *Moore,* 196 Ark. 527, 118 S. W. 2d 870, or within the rule that a stricter degree of proof is required when a solemn written instrument is to be upset. *Welch* v. *Welch,* 132 Ark. 227, 200 S. W. 139; *Green* v. *Bush,* 203 Ark. 883, 159 S. W. 2d 458. It is also argued that Burns did not rely on the misrepresentation; but he says that he did, and in any event reliance is to be presumed when, as here, the misrepresentation goes to a material matter. Rest., Contracts, § 479.

Affirmed.

McFADDIN, J., dissents.