Cheshire,
No. 5102.

KEENE INVESTMENT CORPORATION

*v.*

JOSEPH A. MARTIN & a.

Argued April 2, 1963.
Decided May 28, 1963.

*Faulkner, Plaut, Hanna & Zimmerman (Mr. John J. Zimmerman* orally), for the plaintiff.

*William D. Tribble* and *David J. Killkelley (Mr. Killkelley* orally), for the defendant.

BLANDIN, J. The question before us is whether the defendant, surviving co-maker of the note involved, is discharged from liability because the plaintiff did not notify her that the insurance policy on the life of the deceased co-maker had terminated.

The parties have agreed upon the following material facts:

"1. At the time the loan . . . was made, plaintiff represented to defendants . . . that credit life insurance would be procured by the plaintiff on defendant Martin's life and that in the event of his death the proceeds of such insurance would pay in full any balance then due on the loan.

"2. After the loan had been made the plaintiff mailed to the decedent Martin a 'Statement of Insurance' . . . which the defendant admits was received by the decedent Martin, and also mailed to the decedent a 'receipt book' copy of which is attached . . . and a similar one to the defendant . . . .

"3. Plaintiff procured such insurance . . . all arrangements for the same having been made by plaintiff and none by defendants.

"4. Said policy contained the following provisions relative to discontinuance of the insurance of insured debtors:

"*Discontinuance of Individual Insurance.*

"The insurance of any insured debtor will terminate . . . (b) when any payment due on such indebtedness has been in default for six months . . . .

"5. Defendant Martin died on September 12, 1960 at which time the payments on said note were in default for more than six months, the last payment having been made by defendants on April 28, 1959.

"6. Plaintiff never notified defendants that said insurance had terminated by reason of such default in payments; it did, however,

call the default to defendants' attention and demand payment on numerous occasions.

"7. Plaintiff never collected or received any proceeds whatsoever of said insurance."

It thus appears that when the loan was made the plaintiff bank represented to the defendant Alexina that it would take out insurance on the life of the defendant Martin, so that if he died the proceeds of the insurance would pay in full any balance due on the note. The bank took charge of procuring the policy and made all arrangements in connection thereto. It never advised the defendant Alexina that the insurance would terminate upon default in payments on the loan, though it had repeated opportunity to do so. In short, the plaintiff undertook to act here in behalf of Alexina as well as itself in a matter over which it assumed control and where its knowledge and experience far exceeded hers.

For the breach of its agreement or for its negligent performance of it the plaintiff would be liable in damages to the defendant. *Mansfield* v. *Finance Corp.*, 99 N. H. 352, 354. See also, *Brunel* v. *Association*, 95 N. H. 391, 394; *Dufton* v. *Bank*, 95 N. H. 299. The amount of the damages being the balance due on the loan, the plaintiff may not recover. *Manhattan Credit Co.* v. *Burns*, 230 Ark. 418; *Minor* v. *Universal C. I. T. Credit Corp.*, 27 Ill. App. 2d 330. The order is

*Judgment for the defendant.*

KENISON, C. J., dissented; the others concurred.