157 So.2d 221

**FIRST NATIONAL BANK OF AUBURN**

v.

**L. G. DOWDELL and L. L. Dowdell.**

**5 Div. 731.**

Supreme Court of Alabama.

Oct. 31, 1963.

fire insurance existed on the improvements. Subsequently, the building was destroyed by fire, and only then, appellees allege, were they informed that the improvements were not covered by fire insurance. Appellees aver that, as a result of the breach of the duty to inform them of the nonexistence of fire insurance, they suffered damages to the extent of $5,000.00.

A demurrer was filed to the complaint, then amended and refiled. The demurrer, having some 62 grounds, was overruled by the lower court.

At the termination of the evidence in the trial below, the jury returned a verdict in the following form:

"We the jury find for the plaintiff and assess the damages at $3000.00.

"/s/ W. R. Corbett

Foreman"

Judgment was entered on the bench notes and in the formal judgment for the "plaintiff" in the amount of $3,000.00.

Walker & Walker, and Hoyt W. Hill, Opelika, for appellant.

McKee & Maye, Opelika, for appellees.

PER CURIAM.

Appellees brought this action, the gist of which is fraud, under Title 7, §§ 107, 108, and 109, Code of Alabama 1940. The complaint, in substance, alleges that appellees mortgaged to appellant real property with improvements; that appellant informed appellees that it was necessary to have fire insurance on the improvements and that appellant would attend to the necessary insurance coverage; and informed appellees that they would be required to make additional payments in order to pay for such insurance, which they did. Appellees further averred that at no time did appellant notify them that the improvements were not covered by insurance, and by accepting the additional payments induced appellees to believe that

A motion for a new trial was filed by appellant and was denied. Then a motion in arrest of judgment and for a new trial was filed, stating as one of the grounds that the bench note was a direction for entry of judgment against one plaintiff and judgment cannot be legally returned for one plaintiff and cannot be legally entered for one plaintiff. The motion was overruled, the lower court determining that the word "plaintiff" as used in the bench notes and judgment entry was intended by the court and the parties to be plural rather than singular, and then ex mero motu amended the bench notes and judgment entry by adding the letter "s" to the word "plaintiff" wherever it appeared therein. The lower court determined the error to be clerical rather than judicial. We agree. The argument of appellant impresses us as hypercritical.

Appellant first argues that the transaction, assuming there was an agree-

ment by the bank to procure insurance, was ultra vires and therefore the complaint stated no cause of action against appellant, because unless these assurances would be binding on appellant, there would be no duty to inform appellees of the nonexistence of fire insurance. While appellant's contention might at one time have had merit in regard to suits on contracts, the weight of authority seems now to be clearly to the contrary that a corporation may not allege ultra vires actions to defeat a claim which would otherwise be meritorious. The gravamen of the action here, though, is fraud, and the action is not ex contractu, but ex delicto, and even a national banking association must be held accountable for its torts. Epperson v. First National Bank of Reform, 209 Ala. 12, 95 So. 343 (false imprisonment and malicious prosecution).

While the case at bar is not governed by Title 10, § 21(58), Code of Alabama 1940, as amended, Code of Alabama Recompiled 1958, due to the effective date of its enactment being subsequent to the tort here alleged, the section should be brought to the attention of the bench and bar of Alabama for future cases where a plea of ultra vires is sought to be interposed. It further serves to illustrate that the trend of authority is decidedly contrary to appellant's contention regarding the ultra vires nature of the transaction. We here quote in part from the statute:

"§ 21(58). No act of a corporation and no conveyance or transfer of real or personal property to or by a corporation shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or to make or receive such conveyance or transfer, but such lack of capacity or power may be asserted:

"(a) In a proceeding by a stockholder against the corporation * * *.

"(b) In a proceeding by the corporation * * * against the incumbent

or former officers or directors of the corporation."

It appears that cases relied upon by appellant in brief, especially Alabama Red Cedar Co. v. Tennessee Valley Bank, 200 Ala. 622, 76 So. 980, are not here controlling as they involved suits ex contractu and not ex delicto.

In 19 C.J.S. Corporations § 1262, page 948, is a statement of the well nigh universal rule regarding the defense of ultra vires as applicable to the wrongful acts of an agent:

"As has been said to be well and accurately stated in Corpus Juris, a corporation cannot, in order to escape liability for the wrongful acts of its agents or employees, assert that such acts were beyond the scope of its corporate power or that they occurred in connection with a transaction beyond the scope of such power, particularly where it receives and retains the benefits of such acts."

Justice Foster, in Southeastern Const. Co. v. Robbins, 248 Ala. 367, 369, 370, 27 So.2d 705, had this to say about the above rule as stated in 19 C.J.S. Corporations § 1262:

"But to have application the corporation must as a corporate act be engaged in the ultra vires business, and authorize its agents so to act. If so, the agents render a liability against the corporation though the corporation was engaged in the ultra vires business. So that the two essentials to hold the corporation in damages for torts done by its agents are (1) that the corporation authorized the business to be done, and (2) that the agents committing the tort in doing the business were authorized by the corporation to engage in that business, though it had no lawful right thus to do." (Citations Omitted.)

There would appear to be no serious doubt that the jury could have found that

appellant, acting through its duly authorized agent or agents, authorized them to procure or to attempt to procure insurance on the improvements located on real property mortgaged to appellant and for which insurance appellees paid appellant. Appellant, in this case, was acting through "an officer or officers of said bank" and the same must have been proved to the reasonable satisfaction of the jury. We, therefore, feel that the two requisites as set forth above by Justice Foster have been met by the pleading and proof in the instant case.

■ Appellant next presents the argument that the complaint is demurrable as a complaint ex contractu because unless the alleged statement was a binding contract to insure the improvements, appellees would have no case. The complaint, as we have before noted, is not a declaration upon a contract. It is based upon fraud, as an action in tort, and whether the "statement" would constitute a binding contract to procure insurance would be inconsequential. See 19 C.J.S. Corporations § 1262, supra.

Appellant urges that we accept the ruling in Wilkins v. Commercial Finance Co., 237 N.C. 396, 75 S.E.2d 118, 123, as here controlling. The following language by the North Carolina Court will suffice to distinguish that case from the case at bar:

"* * * The gravamen of their complaint is that the plaintiffs and the defendant made a contract whereby the defendant promised to procure and keep in force during a specified period a policy of collision insurance insuring the plaintiffs * * *."

Therefore, while the Wilkins case might be authority for the proposition that the terms of a mortgage are to be held conclusive and a bar to parol or extrinsic evidence, the case at bar is not a suit on contract to insure and, not being brought on the mortgage contract, appellees would not be bound by its terms, as was in the Wilkins case.

■ Appellant urges that the complaint, taken as an ex delicto cause of action, does not allege recoverable damages and, in such failing, does not set forth actionable fraud. Title 7, § 107, supra; Mobile Building & Loan Ass'n v. Odom, 232 Ala. 19, 166 So. 698. But, as we view it, the complaint is sufficient in this respect. The complaint (which is set out in the report of the case) sets forth facts which would sufficiently describe the damages necessary to the cause of action. The damages would be the loss of the improvements on the real estate which would fall upon the appellees without insurance, which appellant had led appellees to believe had been procured for a consideration.

■■ With respect to appellant's contention that L. L. Dowdell had no insurable interest, it will suffice to say here that in a complaint for fraud in misleading a mortgagor in regard to insurance on mortgaged property, that it is not necessary to negative every possible defensive plea in setting forth a cause of action; and further that since L. L. Dowdell was the principal on the mortgage and a signatory on the note it secured, the fraud would affect L. L. Dowdell, irrespective of his insurable interest in the property.

Appellant next argues that the complaint is insufficient in that there is a total failure to bring the case within the pertinent Code provisions. Title 7, § 108, supra, provides:

"Misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud."

■ It is manifest that the fact here misrepresented by appellant's officers would, of course, be material and would be of such a nature to induce action on the part of the complaining party, Cooper v. Rowe, 208

Ala. 494, 94 So. 725; and would be of such a nature that the complaining party would have a right to know, Standard Oil Co. v. Myers, 232 Ala. 662, 169 So. 312. While the averments do not allege an intent to deceive or appellant's knowledge of the falsity of the statements, these are not necessary to come within the statute. Bankers' Mortg. Bond Co. v. Rosenthal, 226 Ala. 135, 145 So. 456.

Appellant argues that since L. L. Dowdell had no insurable interest in the destroyed improvements, appellee L. L. Dowdell could not recover damages for the fraud; and since the complaint named two plaintiffs, if one could not recover neither could the other; and appellant was due the affirmative charge with or without hypothesis. As we view the facts, L. L. Dowdell was the principal on the note and mortgage, his father, L. G. Dowdell, having pledged the property for the mortgage transaction. Therefore, it would appear there was a joint obligation on the note and mortgage. Assuming appellant had procured the insurance, the joint obligation on the note and mortgage would have been thereby extinguished. There can be no doubt that L. L. Dowdell suffered damages, due to the misrepresentation as to fire insurance, and whether he had an insurable interest in the improvements would seem to be immaterial. Of consequence, we think the appellant's argument in this regard is untenable.

While we have discussed here only those arguments of appellant that might have made some difference in the outcome of this case, we have carefully considered all arguments made in brief and are of the opinion that reversible error is not made to appear.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, and HARWOOD, JJ., concur.