PARK FEDERAL SAVINGS & LOAN ASSN. *v.* LILLIE ET AL.

(No. 234089—Decided September 4, 1970.)

Common Pleas Court of Franklin County.

*Mr. Richard C. Addison* and *Mr. Gene W. Thompson,* for plaintiff.

*Messrs. Hamilton, Kramer & Myers* and *Mr. Joseph R. Hague,* for defendant, Virginia M. Lillie.

*Mr. William F. Brown,* for defendant, Ohio State Life Insurance Company.

GESSAMAN, J. This case has been submitted to the court, without a jury, upon the pleadings, the evidence (which includes an "agreed partial statement of facts") and the briefs of counsel.

The case was started by the filing of a petition against the defendant, Virginia M. Lillie, in which the sum of $3,683.33 with interest was sought. This amount is alleged to be due on a promissory note. The note, a copy of which was attached to the petition, was signed on December 24, 1965, by George E. Lillie and Virginia M. Lillie, husband and wife. George E. Lillie died on May 1, 1967. The petition was filed on June 11, 1968.

On August 8, 1968, the Ohio State Life Insurance Company was made a party defendant. On the same day the

defendant Lillie filed her answer denying that any sum of money was due from her to the plaintiff and she also filed a cross-petition against the plaintiff and the new defendant, The Ohio State Life Insurance Company (hereinafter referred to as Ohio State Life).

The prayer of the cross-petition reads as follows:

"Wherefore, defendant and cross-petitioner, Virginia M. Lillie, renews the prayer of her answer and prays that she be found to be free and clear of any liability on the note set forth in plaintiff's petition and any balance that may be due therein; further prays that defendant Ohio State Life Insurance Company under the terms of its credit life insurance policy issued to this cross-petitioner's deceased husband, be found liable on said contract of credit life insurance and a judgment returned against it for the full amount due on plaintiff's note in the amount of $3,683.33 plus interest and costs further prays that the court resolve and determine any contractual disputes that may exist between plaintiff and defendant and Ohio State Life Insurance Company at least to the extent that this defendant is dismissed and the cause of action against her be dismissed and held for naught, and that she may go hence with her costs."

In addition to the facts hereinabove set forth, counsel have also agreed upon the following:

"(a) That the promissory note which is the subject of the action contained in the petition of the plaintiff was executed by the defendants, Virginia M. Lillie, and her husband, George E. Lillie, who deceased on May 1, 1967; the consideration for the execution of the note was a home improvement loan made by the plaintiff to the defendant, Virginia M. Lillie, and her said deceased husband, in the principal amount of three thousand seven hundred eighty-three ($3,783.00) ; that full consideration was given for the execution of said promissory note and at the time of execution thereof, said note was complete and regular on its face, and no matters or contents thereof were added after the time of execution thereof by the defendant, Virginia M. Lillie, and her said husband.

"(b) That the face amount of said promissory note,

to wit: $5,371.80, included pre-computed interest on the principal amount of said loan, to wit: $1,588.80; the principal amount of said loan, with interest, was to be repaid over a term of eighty-four (84) consecutive months, at the rate of $63.95 per month.

"(c) That there have been no payments made on said promissory note since the 17th day of April, 1967, and there was due the plaintiff from the defendant, Virginia M. Lillie, on June 11, 1968, the date of the filing of the petition herein, the sum of three thousand six hundred eighty-three and 33/100 ($3,683.33) dollars.

"* * *

"(f) That prior to and including the dates of December 24, 1965, when said promissory note was executed, and May 1, 1967, when George E. Lillie died, the defendant, Virginia M. Lillie, and George E. Lillie were married and living together as husband and wife.

"(g) That the home improvement loan made by the plaintiff to the defendant, Virginia M. Lillie, and her said deceased husband, was assigned Account No. 6-3353 by the plaintiff, and was thereafter reflected by such number in the books and records of the plaintiff.

"(h) That a 'certificate' of credit life insurance on said Account No. 6-3353 was issued on a form supplied by the Ohio State Life Insurance Company to the plaintiff, such certificate being mailed by the plaintiff to George E. Lillie, in the stated amount of $5,371.80, on December 24, 1965, along with the 'coupon book' for the loan.

"(i) That from December 24, 1965, to May 1, 1967, the date of death of George E. Lillie, the plaintiff remitted and the defendant, Ohio State Life Insurance Company, accepted monthly sums of money representing increments of earned premiums on all insured accounts written by plaintiff, including Account No. 6-3353.

"(j) That following the time of decease of George E. Lillie, the plaintiff presented its claim for payment of the balance due on Account No. 6-3353 to the defendant, Ohio State Life Insurance Company, which claim was denied by said defendant for the stated reason that said account

number 6-3353 was not within the class or classes of debts to be insured under Group Policy No. G-241, issued by said The Ohio State Life Insurance Company to the plaintiff as to duration of time payments and amount borrowed, and then refunded to Park Federal the amount of premiums paid in this matter which was accepted by Park Federal.

"(k) A xerox copy of said Group Policy No. G-241, with amendments thereto, is annexed hereto and made a part hereof and marked for identification as 'Ohio State Life Exhibit A'; that said xerox copy shall be admitted into evidence in lieu of the originals thereof at the time of trial of this action, without formal proof thereof being offered by any party to this action.

"(1) A xerox copy of the 'certificate' of credit life insurance issued to George E. Lillie is annexed hereto and marked for identification as 'Lillie's Exhibit B' and made a part hereof; that said 'Lillie's Exhibit B' shall be admitted into evidence in this case at the time of trial in lieu of the original of said certificate without formal proof thereof being offered by any party to this action."

The Group Policy No. G-241, with amendments (Ohio State Life Exhibit A), provides in part that:

"The Ohio State Life Insurance Company hereby agrees to pay subject to the provisions hereof upon receipt of due and satisfactory proof of death, while this policy is in force of any insured debtor of Park Federal Savings and Loan Association (herein called the creditor) the amount for which such debtors life is insured hereunder, payable to the creditor, in accordance with the provisions of this policy."

At the date the "certificate" of credit life insurance was issued to George E. Lillie there was in effect another provision of Group Policy No. G-241 which was as follows:

"As of the policy date, each debtor of the class or classes stated below who is or becomes obligated to the creditor under an instrument which requires the debtor to personally discharge the obligation by installment payments over a period not to exceed five years, shall be insured for an amount equal to the balance due under the

outstanding obligation, provided, however, that the amount of such insurance for any debtor shall not exceed the sum of $5,000, whether through one or more instruments.''

In view of the fact that the Lillie note was to be paid over a period of 84 months, it is obvious that Mr. Lillie did not qualify as one of the debtors referred to in this provision of the policy. That is to say the note did not require him to discharge the obligation by payments ''over a period not to exceed five years.'' His note covered a period of seven years.

At this point it should be noted that Group Policy No. G-241 also contained a provision:

'' * * * that if more than one individual signs the instrument evidencing the indebtedness, the individual whose signature first appears upon the instrument as debtor shall be the person insured under this policy with respect to such indebtedness, and no insurance shall be effective for co-borrowers, co-makers * * *.''

Therefore, the insured under the policy was George E. Lillie, since his name first appeared upon the note.

Mrs. Lillie testified that she insisted on having life insurance to cover the loan. Mr. Jack D. Bender, Manager of Park Federal testified that he did not remember such conversation but that it could have happened. He testified further that ''We as a company, as I see it, are taking it out to protect ourselves for a death of a customer * * *.'' ''* * * It is up to me.'' He testified also that the Lillies were not charged for the insurance.

Mrs. Lillie also identified plaintiff's Exhibit 4, Lillie's Exhibit B, as looking like the certificate that was sent to her. Counsel have agreed that it is the certificate. She testified also that she did not inquire about the terms of the master policy. She assumed and had the right to assume that her husband was ''insured with respect to such indebtedness against the contingency of death.'' (It will be seen from the provisions of the policy that the limit of coverage would be only $5,000.00 instead of $5,371.80 as stated in the certificate.)

It has been stipulated by counsel that Ohio State Life did not know of the Lillie loan until after the death of Mr. Lillie. It is clear from the evidence that the only information concerning the insurance which was conveyed to Mr. and Mrs. Lillie was that contained in the certificate (Lillie's Exhibit B.). Park Federal, on the other hand, knew the provisions of Group Policy No. G-241 and in spite of those provisions issued the certificate. Obviously, Park Federal made the mistake. It assumed that this loan was covered under the group policy when in fact it was not covered and Park Federal knew or should have known that it was not and could not be covered by reason of the length of time of the note. Had the note been made to require payment over a period of only five years, either the Lillies would not have executed the note and borrowed the money or, if they had, Park Federal would have been paid in full by Ohio State Life when Mr. Lillie died. This mistake amounts to a breach by Park Federal in its agreement with Mr. and Mrs. Lillie to secure life insurance on Mr. Lillie's life as a direct result of which Mrs. Lillie has been damaged to the extent of the unpaid balance of the note which but for the mistake by Park Federal would long since have been paid in full or the note would never have come into existence.

This situation gives rise to the application of a doctrine referred to by the court in *Osborn* v. *McClelland*, 43 Ohio St. 284, at page 298. It is:

"* * * that where one of two innocent parties must suffer, the one that so acts as to give rise to the injury rather than the one who is not to blame, should be the loser * * *."

Without a doubt, the facts make it clear that the mistake of Park Federal gave rise to the injury, and Mrs. Lillie is not to blame.

We have not found a reported case in Ohio similar to the fact pattern herein and none has been suggested to the court. There are, however, some from other jurisdictions that are quite worthy of consideration.

In *Home Building & Loan Assn.* v. *Hester*, 213 Ga. 393, 99 S. E. 2d 87, the court said:

"In *Minter* v. *Georgia Piggly-Wiggly Co.*, 185 Ga. 116, 194 S. E. 176, it is held that, where one undertakes to procure insurance for another, and is guilty of fraud or negligence in his undertaking, he is liable for loss or damage to the limit of the amount of the agreed policy. The amended petition, therefore, stated a cause of action for damages due to a breach of contract to procure insurance."

In a recent Iowa case the court found that the bank had failed to perform an oral agreement to obtain and keep in force credit life insurance. In *In re Estate of Carter* (Idaho), (1962), 116 N. W. 2d 419, at page 422, the court held that:

"* * * The injured person is entitled to be placed, so far as this can be done by money, in the same position he would have occupied if the contract had been performed. 25 C. J. S., Damages, Paragraph 74, page 563; 15 Am. Jur., Damages, Paragraph 43, page 442; *Bremhorst* v. *Phillips Coal Co.*, 202 Iowa 1251, 1255, 211 N. W. 898, 902.

"In view of the record, the question of damages in this case will be treated and considered as if a policy in the usual form had been obtained by the bank. The measure of defendant's recovery is the amount recoverable had a policy been actually obtained."

In a case decided by the Supreme Judicial Court of Massachusetts in 1967, a different theory was followed. See *Robichaud* v. *Athol Credit Union*, 352 Mass. 351, 225 N. E. 2d 347. The bank had represented that the loan was insured, the widow (plaintiff) and her husband had paid premiums but the bank had not provided insurance. After the death of the husband the widow filed suit to cancel the note and mortgage. The bank counterclaimed on the note and mortgage. The court held that:

"* * * the plaintiff's claim for damages based upon misrepresentations of the defendant is equal to and is offset against the defendant's counterclaim under the note and mortgage and that the note and mortgage are paid, cancelled and discharged; * * *."

At page 355 the court said:

"* * * The representations were intended to be relied on by the Robichauds in making the payment for the in-

surance premiums claimed due and in going forward with their obligations under the contract. The evidence shows that the Robichauds did reasonably rely on the existence of insurance. We think it unnecessary that there be affirmative testimony that, except for the representation, they would have sought to reduce the term of the loan to ten years so as to have the benefit of the bank's group policy, or would have sought other insurance. See *Rice* v. *Price*, 340 Mass. 502, 507-508, 164 N. E. 2d 891; *Baglio* v. *New York Cen. R. R.*, 344 Mass. 14, 19-20, 180 N. E. 2d 798; *McLearn* v. *Hill*, 276 Mass. 519, 524-525, 177 N. E. 617, 77 A. L. R. 1039 (estoppel); Prosser, Torts, 3d Ed. par. 102. The plaintiff was damaged, and may recover what she would have had if the representation had been true. *Rice* v. *Price, supra*, 340 Mass. 507, 164 N. E. 2d 891."

The controlling factor in that case was misrepresentation; *not* the fact that the plaintiff and her husband had paid premiums.

In a more recent case from Georgia, the court in *Beiter* v. *Decatur Fed. Sav. & L. Assn.*, 222 Ga. 516, 150 S. E. 2d 687, held that:

"There is controlling authority for the proposition that where one undertakes to procure insurance for another and is guilty of fraud or negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy."

In that case the plaintiff (the widow) and her husband had paid to the bank premiums on supposed insurance. The decision, however, is based upon fraud and negligence of the bank in not obtaining life insurance on the husband. In the instant case there is no evidence of fraud. Clearly, however, the bank was negligent.

The evidence in the instant case is not clear as to whether or not Park Federal in so many words *agreed* to secure insurance on Mr. Lillie. Mrs. Lillie testified that she insisted upon insurance and that "a girl at the bank" told her that they had insurance. Mr. Jack Bender, the manager, does not deny the conversation about insurance. Also Park Federal sent a certificate of group insurance to Mr.

and Mrs. Lillie. Even though Mr. Bender does not remember the conversation concerning insurance, by its own act Park Federal represented that there was insurance when in fact there was not. Park Federal undertook to secure insurance but because of the negligence of someone at the bank it did not. We feel that the evidence is such that a finding may be made that if Park Federal did not expressly agree to secure insurance on Mr. Lillie it did so by implication. Without this, Mr. and Mrs. Lillie would not have signed the note.

R. C. 1303.35 provides in part that:

"Unless he has the rights of a holder in due course any person takes the instrument subject to:

"* * *

"(B) All defenses of any party which would be available in an action on a simple contract, and

"(C) the defenses of * * * non-performance of any condition precedent * * *."

Park Federal was not a holder in due course. R. C. 1303.31. It knew that a condition precedent to the signing of the note was that Park Federal would secure insurance on the life of Mr. Lillie. It also knew that it had broken its express or implied agreement with Mr. and Mrs. Lillie to secure such insurance. Therefore, the defenses above set forth are available to Mrs. Lillie.

*Our findings of fact, therefore are:*

1. That Mr. and Mrs. Lillie did execute the note alleged in the petition.

2. That they signed said note only on the condition precedent that Park Federal would secure life insurance on the life of Mr. Lillie.

3. That Park Federal agreed either expressly or impliedly with Mr. and Mrs. Lillie that if they signed the note (and mortgage) Park Federal would secure insurance on the life of Mr. Lillie.

4. That Mr. Lillie died subsequent to the execution of the note (and mortgage), to wit, on May 1, 1967.

5. That on the date of filing the petition herein the unpaid balance on the note was $3,683.33.

6. That there was no insurance on the life of Mr. Lillie that had been secured by Park Federal.

*Our conclusions of law are:*

1. There was nonperformance by Park Federal of the condition precedent to secure insurance on the life of George E. Lillie.

2. That Park Federal breached one of its agreements of the transaction with Mr. and Mrs. Lillie, to wit: to secure life insurance on the life of George E. Lillie.

3. That the damage to defendant Virginia M. Lillie based upon conclusions 1 and 2 above is equal to and is offset against the claim of the plaintiff, Park Federal and by reason thereof the note (and mortgage) is paid and cancelled.

The cross-petition against the defendant Ohio State Life Insurance Company is dismissed.

*Judgment accordingly.*