253 So.2d 480 (1971)
BARNETT FIRST NATIONAL BANK OF COCOA, Appellant,
v.
Leah SHELTON, Appellee.
No. 70-982.
District Court of Appeal of Florida, Fourth District.
September 27, 1971.
Rehearing Denied November 10, 1971.
Robert T. Westman, of Stromire, Westman & Lintz, Cocoa, for appellant.
Joe Teague Caruso of Spielvogel, Goldman & Caruso, Merritt Island, for appellee.
OWEN, Judge.
Appellant bank suffered a judgment based upon a jury verdict in a suit filed by Leah Shelton alleging that the bank breached an oral contract to secure credit life insurance on appellee's husband, Ora Shelton, with whom she was co-obligor on a note to the bank.
Appellant assigns error to the court's denial of its motion to dismiss appellee's third amended complaint, and to the court's denial of its motion for directed verdict made at the close of the plaintiff's case.
The third amended complaint, while not a model of pleading, at least marginally alleged that (1) appellee and her husband were co-obligors on a note to the bank, (2) at the time the note was executed both appellee and her husband were eligible for credit life insurance but no mention of such was made by the bank's agent although appellee subsequently learned that the bank had caused credit life insurance to be placed *481 upon appellee but not on her husband, (3) upon learning of this fact appellee made inquiry of the bank's agent and was advised that upon immediate receipt from appellee of the appropriate premium the bank would immediately secure credit life insurance on appellee's husband equal to the then existing balance on the note, (4) appellee immediately delivered and the bank accepted the required premium, (5) subsequent thereto appellee's husband died, (6) the bank had not secured credit life insurance on appellee's husband as it had agreed to do, and (7) by virtue of the bank's breach of its agreement appellee was obligated to pay to the bank the balance due on the note at the time of her husband's death in the sum of $1,830.24.
Of course, this was not a contract to insure as the bank was not an insurer, but the third amended complaint does state a cause of action for breach of a contract to secure the issuance of a credit life insurance policy on a debtor. Appellant contends that since it would have been the beneficiary of the policy, Mrs. Shelton would have no standing to bring the action under the principle announced in Muravchick v. United Bonding Insurance Company, Fla.App. 1970, 242 So.2d 179. That argument is not applicable in this case because Mrs. Shelton's cause of action is not on the contract of insurance (which was not issued), but on the alleged breach of the bank's contractual obligation to secure issuance of the credit life insurance.
The question of whether the court erred in denying appellant's motion for directed verdict made at the close of the plaintiff's case is not properly presented for appellate review. The record discloses that after the motion was made and denied, defendant presented evidence. This in and of itself is a waiver of any error in denying defendant's motion for directed verdict made at the close of the plaintiff's case. Gulf Heating and Refrigeration Co. v. Iowa Mut. Ins. Co., Fla. 1966, 193 So.2d 4. Additionally, the record fails to disclose that the defendant renewed its motion for directed verdict at the close of all of the evidence as is necessary to preserve the question. 6551 Collins Avenue Corp. v. Millen, Fla. 1958, 104 So.2d 337.
Affirmed.
CROSS and MAGER, JJ., concur.