272 So.2d 582

**Norma FREEHLING**

**v.**

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a corporation, and St. Paul Mercury Insurance Company, a corporation.**

**Civ. 36.**

Court of Civil Appeals of Alabama.

Jan. 24, 1973.

---

William D. Melton, Evergreen, for appellant.

Albrittons & Rankin, Andalusia, for appellees.

**374**

BRADLEY, Judge.

Appellant filed this action against the appellees in the Circuit Court of Conecuh County, Alabama for the willful and wanton failure of appellees to settle for the policy limits of a liability insurance policy issued to Shelby M. Cargile. The appellant had been injured as a result of a collision with an automobile operated by Cargile. The demurrer to the complaint was sustained. Appellant then took a non-suit because of the adverse ruling on the demurrer and appealed to this court.

The single assignment of error questions the trial court's ruling sustaining the demurrer.

Appellee in brief contends and argues that appellant has waived his one assignment of error because there was in effect no argument directed to the grounds of the demurrer and cites to us the case of Butler v. Olshan, 280 Ala. 181, 191 So.2d 7.

In the *Butler* case the Supreme Court had the following to say about the failure to argue the grounds of demurrer, the sustaining of which is the ruling to be questioned:

"By assigning for error that the court erred in sustaining the demurrer to Count Two-B, plaintiffs assert and,

therefore, assume the burden of showing that all grounds of demurrer are bad, or, in other words, that no ground is a good ground. To support this burden, plaintiffs must argue each and every ground and demonstrate that each is bad . . . ."

A very careful examination of appellant's brief fails to reveal a compliance with the above quoted requirement of our Supreme Court. Appellant does not argue each and every ground of the demurrer that was filed against his complaint as required; in fact, appellant does not argue any ground of said demurrer. With the case being in this posture we have no alternative but to say that appellant waived his single assignment of error for the reason that he failed to argue each and every ground of the demurrer that was sustained as to his complaint.

Since there are no other assignments of error, the ruling of the trial court must be affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.