281 So.2d 279

Emma Verla **WALDON**

v.

**The COMMERCIAL BANK, a**
**corporation.**

**Civ. 191.**

Court of Civil Appeals of Alabama.

Aug. 1, 1973.

Tipler, Fuller & Barnes, Andalusia, for
appellant.

Albrittons & Rankin, Andalusia, for ap-
pellee.

HOLMES, Judge.

Plaintiff appeals from a judgment of voluntary nonsuit induced by the action of the trial court sustaining defendant's demurrer to the complaint.

The original complaint consisted of one count, Count One. The trial court sustained the demurrers to the original count. This count was amended to read Count One-A, and again the trial court sustained the demurrer interposed by the appellee-defendant, the court filing an opinion as to the reasons for sustaining said demurrer. The plaintiff-appellant amended the count to read Count One-B, and then voluntarily amended the count again to read Count One-C.

To this count, One-C, the defendant filed demurrer and as grounds therefor, set down and assigned separately and severally some seventeen grounds. The trial court, on February 7, 1973, sustained the demurrer generally and allowed plaintiff-appellant twenty days in which to further amend her complaint.

From this order of February 7, 1973, the plaintiff took a voluntary nonsuit with leave to appeal.

The one-count complaint, as amended, filed by the individual plaintiff sought recovery from defendant for that on January 5, 1970, the defendant conducted or operated a banking business; that as an incident service to the borrowing of money the defendant offered to procure credit life insurance, insuring such borrowed sums; that on or about that date the plaintiff and her now deceased husband, as joint obligors, borrowed money from the defendant, executing an obligation rendering the plaintiff and her now deceased husband jointly and severally liable for the amount borrowed, to wit, $3,000; that defendant offered and undertook to secure credit life insurance on the life of the plaintiff's deceased husband for consideration in a sum sufficient to discharge said obligation in the event of the untimely death of plaintiff's husband, which undertaking the plaintiff relied upon; that the defendant negligently failed to obtain said credit life insurance after having undertaken to do so for a valuable consideration, and thereafter, plaintiff's husband met an untimely death, at which time there was owed under the joint obligation $2,832.84; and that defendant has presented and demanded payment of this amount to the plaintiff which has been paid by the plaintiff to prevent foreclosure. The complaint alleged that as a proximate result and consequence of the negligence of the defendant in failing to obtain said credit life insurance on the life of plaintiff's husband, after having undertaken to do so for a valuable consideration, plaintiff suffered damages.

The appellant's assignment of error is that the trial court erred in sustaining the appellee's demurrer to the complaint as last

amended. The appellant, of course, argues that the facts alleged constituted an action *ex delicto* and that the appellant is a proper party to bring such action.

Appellee contends that the trial court was correct in its ruling below in that the complaint is demurrable and argues that in stating a cause of action for negligence one of the three elements essential to recovery which must be alleged is that injury resulted as a proximate consequence of an alleged breach of duty owed by the appellee to the appellant and that the complaint at issue in this cause did not allege any facts which would give rise to any sort of legal duty of the appellee to the appellant, and thus the complaint does not state a cause of action. Appellee differentiates the instant case from that of First National Bank of Auburn v. Dowdell, 275 Ala. 622, 157 So.2d 221.

We must, therefore, look to the complaint as last amended and decide whether Count One-C states a cause of action.

The Alabama Supreme Court stated in Timmerman Ins. Agency, Inc. v. Miller, 285 Ala. 82, 85, 86, 229 So.2d 475, 477, a case in negligence, the following:

"There is no question but that when an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client, and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom. (See annotation at 29 A.L. R.2d 171.)

.    .    .    .    .    .

"See also Appleman, Insurance Law and Practice, Vol. 16, § 8841, where it is stated:

" 'An insurance broker is the agent of the insured in negotiating for a policy, and owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting insurance. * * * And while such broker is not obligated to assume the duty of procuring a policy, without consideration for his promise, he must exercise ordinary care in the performance of such duty when assumed, * * *. Where a broker undertakes to place insurance for another, it is his duty, in case he is unable to do so, to seasonably notify his principal, * * *.' "

The Alabama Supreme Court, in Timmerman Ins. Agency, Inc. v. Miller, *supra*, also cited the following language with approval from Backus v. Ames, 79 Minn. 145, 81 N.W. 766:

" 'When a broker undertakes to place insurance for another, it is his duty, in case he is unable to do so, to seasonably notify his principal. He is bound to proceed with all reasonable diligence to ascertain whether he can place the insurance, and, in case of failure, he must give the notice, but the duty of giving the notice does not arise until after the lapse of a reasonable time in which to make due efforts to place the insurance.' "

▇ This court is of the opinion, in light of the language above, that the duty of an insurance agent or broker requires that he, when undertaking to procure insurance for a client, exercise reasonable skill, care, and diligence in effecting insurance and that an insurance agent or broker will not unjustifiably or negligently fail to do so, without giving timely notice of inability to secure insurance, lest he become liable for any damage resulting therefrom.

Appellee points out, as to a lack of legal duty of appellee to the appellant, that appellant was not the proper party to bring this suit, but that if anyone was, it would have been the personal representative of the appellant's husband. The personal representative of the appellant's husband may well have been able to bring this suit, also. This, however, is not before us and we do not so decide.

▇ The allegations of the complaint state, in effect, that the appellee acted for appellant in lending money to appellant and another, as well as acting for appellant

in offering and undertaking to secure credit life insurance on the life of the appellant's co-signer, appellant's husband. In short, the allegations of the complaint, in effect, aver that appellee undertook to act in behalf of appellant.

While this court's research reveals no Alabama cases directly in point, the case of Barnett First National Bank of Cocoa v. Shelton, Fla.App., 253 So.2d 480, involved a similar fact situation as the instant case, and the District Court of Appeals for the State of Florida affirmed the wife's standing to bring suit for breach of a contract to secure the issuance of a credit life insurance policy on deceased debtor husband, with whom she was co-obligor on the note to the bank.

In another case, in Equity, Robichaud v. Athol Credit Union, 352 Mass. 351, 225 N.E.2d 347, a different theory, misrepresentation, was presented to the court. In that case, the widow filed suit to cancel the note and mortgage, alleging that in connection with negotiating the loan to her and her deceased husband, the defendant had undertaken to make arrangements for insurance to cover payment of the loan in the event of her husband's death and defendant had not done so. The widow was allowed to recover.

The New Hampshire Supreme Court has held, in Keene Investment Corp. v. Martin, 104 N.H. 518, 191 A.2d 521, that where the bank had represented to the surviving co-signer that credit life insurance would be procured by the bank on the other signer's life so that in event of that signer's death the insurance would pay in full any balance due on the note, but the bank failed to notify surviving co-signer of the termination of insurance on the life of the other signer who had died, the bank would be liable in damages to the co-signer for the breach of its agreement *or for its negligent performance of it.*

See also Beiter v. Decatur Federal Savings and Loan Assn., 222 Ga. 516, 150 S.E.2d 687, where the decision is based upon fraud and negligence of the bank in not obtaining life insurance on the husband; and Park Federal Savings and Loan Assn. v. Lillie, 24 Ohio Misc. 271, 265 N.E.2d 339, where judgment was sustained on negligence.

■ Where the broker has failed in the duty he has assumed of obtaining protection against a designated risk, the principal may sue either for breach of the contract or, in tort, for breach of duty imposed on the broker. 44 C.J.S. Insurance, §. 172; Timmerman Ins. Agency, Inc. v. Miller, *supra.* When there is a duty, ultra the contract, suit may be declared in case.

The present cause of action rests, not on the contract of insurance (which was not issued), but on the appellee's alleged undertaking to secure credit life insurance for consideration for the joint obligors on the life of one of the joint obligors, to wit, appellant's husband. Appellant alleges reliance upon such undertaking.

■ This court, therefore, concludes that the averments of Count One-C aver such facts as to give rise to a duty owed by appellee to appellant.

Furthermore, if the allegations of Count One-C be taken as true, as they must be on demurrer, Count One-C sufficiently avers appellee's breach of duty owed to appellant and sets forth facts sufficiently alleging damages as the proximate result of appellee's breach of duty. First National Bank of Auburn v. Dowdell, *supra.*

In light of the above, this court finds that Count One-C sufficiently avers facts stating a cause of action. We note that in this instance, as in other cases, the proof of trial may be otherwise.

■ Appellee, in his excellent brief, contends and argues that appellant has waived his one assignment of error in that there was, in effect, no argument directed to all the grounds of the demurrer, and cites to us this court's decision in Freehling v. St. Paul Fire and Marine Ins. Co., 49 Ala.App. 373, 272 So.2d 582.

In this instance, having determined that the complaint states a cause of action, no ground of the appellee's demurrer can be well taken. Furthermore, in this instance, as opposed to *Freehling, supra,* where no grounds of the demurrer were argued, we believe the grounds of the demurrer are sufficiently argued and presented to this court for a determination by this court of the case on its merits.

We note that in July of this year the Alabama Supreme Court, through Mr. Justice McCall, in Wolfe v. Isbell, 291 Ala. 327, 280 So.2d 758, in discussing an apparent failure of a party to comply with Supreme Court Rule 9, makes the following statement:

"This appeal is taken because of the adverse ruling on a demurrer to the complaint. While we cannot approve of the omissions made in the brief, the sole issue is so clearly formulated, we have no difficulty in readily understanding the point involved from the brief. This court has properly held that it will give a liberal application to its Rules and will condone noncompliance when the record is short and simple, and when compliance with the cited rules is not essential to an understanding of the argument. Kendall Alabama Company v. City of Fort Payne, 262 Ala. 465, 79 So.2d 801; McMillan v. Fabretta, 231 Ala. 188, 163 So. 793; Brothers v. Brothers, 208 Ala. 258, 94 So. 175; City of Montgomery v. Mott, 266 Ala. 422, 96 So.2d 766. . . ."

While the instant case does not involve a noncompliance of a Supreme Court Rule, we believe the language quoted above to be appropriate under the circumstances of the case.

In view of the above, we hold that the learned trial judge erred in sustaining the demurrer to the complaint as last amended.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.