YATES, Judge.
BBCGH Partners I (“BBCGH”) appeals from a summary judgment in favor of Scott, Carper & Aman, Inc.
A summary judgment may be entered only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P. The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in a light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party’s favor. Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). To defeat a defendant’s properly supported motion for summary judgment motion, the plaintiff must create a genuine issue of material fact by presenting substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
*256 The evidence tended to show the following: BBCGH is a partnership in the business of real-estate development and management in Huntsville. Henry Bostwiek, Wood Byrd, Mike Gravois, and the Bo-stwick Children’s Trust Fund are partners in BBCGH.
' Scott, Carper & Aman is an insurance agency and was handling all the insurance needs of BBCGH. In 1993, Scott, Carper & Aman secured a workers’ compensation insurance policy for BBCGH with Travelers Insurance Companies. The coverage was renewed for an additional year, with the renewal policy to be effective from July 15, 1994, to July 15, 1995. All premiums owed on the policy were paid in full.
In October 1994, Travelers attempted to schedule an audit of BBCGH to determine if the premium estimated at the beginning of the policy period was correct. Henry Bostwiek notified Travelers that he had a scheduling conflict and that the audit would have to be rescheduled. On October 21, 1994, BBCGH received a letter from the National Council on Compensation Insurance (hereinafter “NCCI”), written by its employee, Dorothy Bailey. The NCCI is the organization that assigns workers’ compensation insurance to various insurance carriers. The letter, dated October 18, 1994, stated that Travelers had complained to NCCI that BBCGH had failed to comply with an audit request. The letter also stated that BBCGH must cooperate with Travelers or else the policy would be canceled. The same day BBCGH received the letter, Bostwiek wrote a letter to Dorothy Bailey explaining why the audit had to be rescheduled.
Another audit was scheduled for November 1994. Bostwiek prepared payroll records and other documents, which were customarily reviewed in the course of such an audit. On November 22, 1994, Travelers’ auditors Tom Dyer and David Hutto came to the offices of BBCGH in Huntsville. After reviewing the prepared documents, Dyer demanded to see additional documents. Bostwiek told him that he would have to contact his insurance agent and legal counsel before he would allow them to see the requested-documents, because, he said, he believed the documents were outside the scope of the audit. Dyer became agitated and threatened to have Bost-wick arrested. Dyer then ended the audit, after 15 minutes, and left. Bostwiek did not hear from Travelers again until May 1, 1995.
Bostwiek telephoned Charles Carper, of Scott, Carper & Aman, and told him about the incident. Carper told Bostwiek that, based on his other dealings with Travelers, he thought the confrontation was not unusual. Carper told Bostwiek that he would find another insurance company to supply BBCGH with workers’ compensation insurance.
In March 1995, after the audit, Travel-lers sent Scott, Carper & Aman notice that it was canceling BBCGH’s workers’ compensation insurance on March 31, 1995. Scott, Carper & Aman began to look for another insurer and received confirmation from the Commerce Fund on March 20, 1995, that it would provide a quote for BBCGH.
BBCGH never received a notice of cancellation from Travelers, as was required under the policy. Travelers sent the notice of the cancellation by certified mail to BBCGH; however, BBCGH presented evidence indicating that Travelers sent the notice to the incorrect address in Huntsville and that the letter was returned to Travelers unclaimed. BBCGH had notified Travelers of its new address and Travelers was aware of BBCGH’s new address, because it had twice sent its auditors there.
Scott, Carper & Aman alleges that it sent a facsimile transmission to BBCGH on March 22, 1995, stating that it needed an insurance application completed and a check to bind workers’ compensation coverage with the Commerce Fund. BBCGH contends that it did not receive the fax and that the fax Scott, Carper & Aman says it *257 sent does not contain a fax-transmission verification, unlike the other fax transmit-tals presented into evidence.
According to BBCGH, on Friday, April 21, 1995, Scott', Carper & Aman informed BBCGH for the first time that Travelers had canceled its coverage; that there was a lapse in its workers’ compensation insurance; and that its new insurer, the Commerce Fund, would need an application filled out and a check to bind the insurance quote. On Monday, April 24, 1995, Bost-wick took the application to the Birmingham office of his partner, Wood Byrd, because the application required the signature of all the partners. Partner Mike Gravois was out of town. On Friday, April 28, 1995, when Gravois returned to Birmingham, he signed the application. That same day, the application was hand delivered to the office of Scott, Carper & Aman in Birmingham. The application and check were mailed to the office of Scott, Carper & Aman in Montgomery. Scott, Carper & Aman did not bind coverage until Monday, May 1, 1995. On April 28, 1995, BBCGH employee Charles Turner was injured on the job. Scott, Carper & Aman alleges that BBCGH itself mailed the application from Birmingham to Montgomery on April 28, 1995, and that it was not received until May 1,1995.
Turner sued BBCGH for workers’ compensation benefits. BBCGH filed a third-party complaint against Travelers and Scott, Carper & Aman, alleging that Travelers had not properly terminated its insurance contract with BBCGH before Turner’s on-the-job injury and, therefore, that Travelers should provide coverage for Turner’s claim. BBCGH also alleged that Scott, Carper & Aman had undertaken to procure insurance for it, had negligently failed to do so, and was therefore liable for any damage resulting from that failure. The trial court entered a summary judgment for Travelers and Scott, Carper & Aman. BBCGH appealed. While the appeal was pending, BBCGH entered into a settlement agreement with Travelers.
BBCGH argues that it presented substantial evidence indicating that Scott, Carper & Aman negligently failed to procure insurance on behalf of BBCGH. “ ‘An insurance broker is the agent of the insured in negotiating for a policy, and owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting insurance.’ ” Waldon v. Commercial Bank, 50 Ala.App. 567, 569, 281 So.2d 279, 281 (Ala.Civ.App.1973), quoting Appleman, Insurance Law and Practice, Vol. 16, § 8841. Although the broker does not have to assume the duty of procuring a policy, when he does so he must exercise ordinary care in performing the duty. Cornett v. Johnson, 578 So.2d 1259 (Ala.1991).
Viewing the facts in favor of BBCGH, as we are required to do, we find a genuine issue of material fact as to whether Scott, Carper & Aman exercised reasonable skill, care, and diligence in procuring workers’ compensation insurance for BBCGH. Specifically, there is a fact question as to whether BBCGH received notice from Scott, Carper & Aman on March 22, 1995, that Travelers was about to cancel its insurance. There is also a fact question whether the fully executed application and payment were received by Scott, Carper & Aman on April 28, 1995, in Birmingham, as BBCGH alleges, or on May 1, 1995, in Montgomery, as Scott, Carper & Aman alleges.
Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.