## THE ELENORE.

(Circuit Court of Appeals, Sixth Circuit. November 4, 1914.)

No. 2490.

ADMIRALTY (§ 118\*)—REVIEW ON APPEAL—FINDINGS OF FACT.

Where the determination of a suit in admiralty for personal injuries depends upon questions of fact, as to which the evidence is conflicting, and all or most of the testimony was taken in open court before the trial judge, who also had the opportunity to observe the physical condition of libelant, which was a material fact, his decree will not be disturbed by an appellate court, unless there is a decided preponderance of evidence against it.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 758–775, 794; Dec. Dig. § 118.\*

Appealable orders and decrees in admiralty, see note to In re Oceanic Steam Navigation Co., 124 C. C. A. 348.]

Appeal from the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Suit in admiralty by Tom Jenkins against the steamboat Elenore and Robert E. Lee, managing owner and executor of the estate of James Lee, deceased. Decree for libelant, and respondents appeal. Affirmed.

Ralph Davis, of Memphis, Tenn., for appellants.
E. G. Bell, of Memphis, Tenn., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This is an appeal from a decree awarding damages ($2,000) in favor of Jenkins against the steamboat Elenore, and Robert E. Lee (managing owner and executor of the estate of James Lee, deceased), appellants, and declaring a lien upon the Elenore and its equipment to secure recovery. After the decree was entered, Jenkins died, and the suit was revived in the name of his administrator, the North Memphis Savings Bank. The suit was for personal injuries, and the allegations of the petition in substance were: That during a period of extremely cold weather (January 6 and 7, 1912) and while Jenkins was serving as a roustabout on the Elenore, certain of its controlling

officers and men forbade Jenkins to enter and prevented him from entering any of the heated portions of the boat; that in consequence his fingers were so severely frozen as permanently to unfit him for work; and that this occurred in the course of one of the regular round trips of the boat, on the Mississippi river, between Memphis and Butler's Landing. A marked change in the weather took place after the boat left Memphis; the temperature falling to two degrees below zero. The case was tried before Judge McCall, without the intervention of a jury. The testimony of all the witnesses was taken before the court, except that of the captain of the boat, which was by deposition. Jenkins testified positively that he was excluded from the heated parts of the boat; and the men in charge testified positively that he was not, stating that all the roustabouts, four in number, were given express permission to enter those parts and keep themselves warm and comfortable. There is, however, no substantial dispute of the facts that Jenkins' fingers were frozen during the trip in question; that portions of the flesh at the ends of the fingers subsequently sloughed off; and that he was thereby permanently disabled. Admittedly a certificate was given to Jenkins by the captain of the Elenore on the day after the trip was completed, which entitled Jenkins to enter the marine hospital in Memphis. He was first treated in the uptown office of the hospital, and later in the hospital, but only for a comparatively short time. The condition of his fingers was testified to by Jenkins and his mother and by the physician who attended him for several months after the occurrence. Above all, at the time of the trial, Jenkins' fingers showed unmistakable signs of injury from freezing. It seemed incredible to the learned trial judge that Jenkins would have neglected opportunities for relief from such extreme effects of cold weather, if permission to enter the heated portions of the boat had really been given. The judge saw and heard the witnesses (except the captain), and at times interrogated them. He saw the man's fingers and heard the physicians explain the significance of their appearance. Such opportunities always afford distinct advantage in determining the value of testimony; and, unless there is a decided preponderance against a decree or judgment rendered under such circumstances, the rule in this court is not to disturb it. Monongahela River Consol. C. & C. Co. v. Schinnerer, 196 Fed. 375, 379, 117 C. C. A. 193; In re Snodgrass, 209 Fed. 325, 326, 126 C. C. A. 251; Carey v. Donohue, 209 Fed. 328, 333, 126 C. C. A. 254. The evidence, as it appears in the record, does not warrant a departure from this rule.

The decree is affirmed, with costs.