## AMERICAN GUARANTY CO. v. AMERICAN FIDELITY CO. *

### (Circuit Court of Appeals, Sixth Circuit.   November 11, 1919.)

### No. 3298.

1. APPEAL AND ERROR ⊜═1008(2)—REVIEW OF FINDINGS OF FACT BY THE COURT.
   Where jury was waived, findings of fact by the judge, who heard the witnesses, will not be disturbed by the appellate court, where there was substantial evidence to support them.

2. CUSTOMS AND USAGES ⊜═3—BINDING EFFECTIVE CUSTOM.
   Where defendant claimed that a contract of reinsurance was affected by custom, the custom must be clearly established, or shown to have been reasonable, definite, and uniform, before it will be presumed that the parties referred to it in making the contract.

3. CUSTOMS AND USAGES ⊜═17—WILL NOT AVOID TERMS OF UNAMBIGUOUS CONTRACT.
   Where plaintiff, who became surety on the bond of a bank conditioned to indemnify city against any loss of deposits, entered into a contract of reinsurance with defendant, notifying defendant that it was its purpose to reinsure as much of the risk as it could, defendant cannot defeat liability on the ground that by custom and usage the primitive insurer might not reinsure all of the risk, as custom and usage cannot change or avoid terms of a clear, unambiguous contract.

4. EVIDENCE ⊜═448—PAROL EVIDENCE RULE AS TO CONTRACTS.
   Except where the terms of a written contract are obscure, uncertain, and indefinite, oral evidence is not admissible to add to, change, or contradict them.

5. CUSTOMS AND USAGES ⊜═15(1)—UNAMBIGUOUS REINSURANCE CONTRACTS.
   Where a clause of a reinsurance agreement between plaintiff, the primitive insurer, and defendant, the reinsurer, stated that any loss shall be payable by the reinsurer pro rata with the reinsured, that is to say, in the proportion which the amount of the reinsurance bears to the reinsured's total liability, parol evidence of custom and usage is inadmissible to show that the clause was an agreement by the reinsured to retain part of the risk; the clause being unambiguous.

In Error to the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Action by the American Fidelity Company against the American Guaranty Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Smith W. Bennett, of Columbus, Ohio, for plaintiff in error.
H. B. Arnold, of Columbus, Ohio, for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge.   In this case a jury was waived by proper stipulation and the case heard before the District Judge. Separate findings of fact and conclusions of law were made by the District Court, and a judgment rendered against the defendant below, from which it prosecutes error to this court. For convenience we shall refer to the Fidelity Company, defendant in error, as plaintiff, and to

the Guaranty Company, plaintiff in error, as defendant, as they appeared in the court below.

These undisputed facts appear on the pleadings: In December, 1913, the plaintiff became surety on a bond in the sum of $75,000, running to and in favor of the city of Chicago, indemnifying that city against any loss sustained by it on account of any acts or defaults of the La Salle Street Trust & Savings Bank (hereafter called the bank) as a depository of the moneys of the city of Chicago, on and after January 1, 1914. On January 10, 1914, plaintiff made and entered into a contract of reinsurance with the defendant, whereby, in consideration of a certain premium then paid, the defendant covenanted and agreed to pay to the plaintiff not exceeding $25,000, or one-third of the total amount of the primitive bond, for which plaintiff might become liable or be compelled to pay on account of any default of the bank, and in addition defendant agreed to pay to plaintiff a pro rata portion of all expenses, costs, and counsel fees incurred by plaintiff, arising out of its obligation on the primitive bond. About June 13, 1914, the bank became insolvent and went into the hands of a receiver. Demand was thereafter made by the city of Chicago on plaintiff for $75,000 on account of insolvency and default of the bank. Plaintiff notified defendant of the failure of the bank and of the demand made by the city for the payment of the full amount of the primitive bond; at the request of defendant, plaintiff refused to make the payment demanded, and thereafter suit was commenced by the city against plaintiff to recover the full amount of the bond, resulting in a judgment against the plaintiff for $81,172.35, the full amount of the bond, including interest and court costs. In addition plaintiff incurred expenses in and about defending said action, amounting to $6,258.26. This judgment and these expenses were paid by plaintiff, and it made demand of the defendant for $29,146.87, which was one-third of the total amount paid by plaintiff by virtue of the original bond. Defendant refused payment, and this action was brought to recover it with interest.

The defendant practically admits the material averments in the declaration, and pleads several special defenses, of which the following are relied on here: (1) The knowledge of plaintiff of facts detrimental to the risk and its failure to disclose same to defendant, which as averred was a constructive fraud; (2) the plaintiff reinsured all the primitive risk, which was in violation of custom and usage, without advising defendant of its action in the premises; (3) failure of the city of Chicago to apply the proceeds of certain securities deposited by the bank with the city as security for the payment to the city of any deposits made by it in the bank to the payment pro tanto of the amount of the default.

As has been seen, the District Court, after hearing and considering the pleadings, the evidence, and the law applicable to the case, found against the defendant, and entered judgment accordingly. The plaintiff in error assigned errors, and relies here on five of them, which we will state and dispose of in the order presented.

[1] The first assignment is, in substance, that the District Court erred in not finding and decreeing that the plaintiff had knowledge of facts detrimental to the risk and failed to disclose them to the defendant, and was thus guilty of perpetrating a fraud on defendant by inducing it to contract a liability which it otherwise would not have done. In so far as this assignment questions the finding of facts, the judgment will not be disturbed, if, under the well-settled rules of this and federal appellate courts generally, there is any material evidence to sustain it.

The evidence plaintiff in error relied on to support this assignment relates to an oral communication between E. E. Bailey, of Chicago, and his nephew, B. B. Bailey, of Montpelier, Vt., vice president of the plaintiff, to the previous action of the plaintiff in declining to reinsure certain risk on the La Salle Street Trust & Savings Bank which was offered to it by the New England Casualty Company, to the question of plaintiff's intention to reinsure the entire primitive risk, and to the contents of the form of reinsurance used in this case. Clearly there is direct and circumstantial evidence in the record relating to this matter, which was heard in open court by the District Judge, when and where he heard and saw the witnesses and thus had every opportunity to understand and weigh the evidence of each witness, that tends to support his finding. Judge Warrington, speaking for this court in The Elenore, 217 Fed. 753, 133 C. C. A. 447, said:

"Such opportunities always afford distinct advantage in determining the value of testimony; and, unless there is a decided preponderance against a decree or judgment rendered under such circumstances, the rule in this court is not to disturb it. Monongahela River Consol. C. & C. Co. v. Schinnerer, 196 Fed. 375, 379, 117 C. C. A. 193; In re Snodgrass, 209 Fed. 325, 326, 126 C. C. A. 251; Carey v. Donohue, 209 Fed. 328, 333, 126 C. C. A. 254."

Here, as in that case, the evidence does not warrant a departure from this rule.

[2] Assignments 2 and 4 relate to questions of custom and usage in writing reinsurance, and they will be disposed of together. It is insisted that by custom and usage the primitive insurer may not reinsure all of a given risk, but must retain a part thereof, and the District Court erred in not so holding.

Here again we are confronted with a finding of the district judge, that the evidence does not establish the existence of custom or usage that the reinsured shall retain a part of the risk, and there is material evidence which, if believed warrants the finding. So if we assume that the law as to custom and usage is as contended for by plaintiff in error, it has no application in a case, as here, where the jury or the judge, when a jury is waived, finds the evidence fails to establish custom or usage.

Custom or usage, to be binding, must be definite or certain, uniform, reasonable, and well known, and it must be established by clear and satisfactory evidence, so that it may be justly presumed that the parties had reference to it in making their contract. Bowling v. Harrison, 6 How. 248, 12 L. Ed. 425; United States v. Buchanan, 8 How. 83, 12 L. Ed. 997; Berry v. Cooper, 28 Ga. 543.

[3] But, aside from all this, defendant was informed that it was the purpose of the plaintiff to reinsure as much of this particular risk as it could, which is another way of saying that it would reinsure all, if it could. With this information defendant made the contract of reinsurance in question, and it may not in such circumstances escape liability by virtue of custom or usage, even when proven, which tends to change or avoid the terms of a clear, definite, and unambiguous contract, made at arm's length and with full knowledge of its contents.

[4, 5] What is called a "retention clause" in insurance parlance does not appear in the contract of reinsurance under consideration, and it is insisted that the absence of this clause makes the insurance agreement unintelligible, and that the District Court erred in excluding certain testimony tending to show custom and usage, for the purpose of explaining paragraph 2 of the conditions contained in the reinsurance agreement. The paragraph reads as follows:

"Any loss hereunder shall be payable by the reinsurer pro rata with the reinsured; that is to say, in the proportion which the amount of this reinsurance bears to the amount of the reinsured's total liability, and under the same conditions by the reinsurer as the reinsured shall pay"

We perceive no ambiguity or uncertainty here. The paragraph seems to be clear and certain. The meaning of the clause, "any loss hereunder shall be payable by the reinsurer," the defendant, "pro rata with the reinsured," the plaintiff, is made entirely clear by the following clause—"that is to say, in the same proportion which the amount of this reinsurance bears to the amount of the reinsured's total liability." The clause, "reinsured's total liability," refers to, and could not refer to anything other than the total amount of the primitive bond for which plaintiff was alone liable to the city.

Except where the terms of a written contract are obscure, uncertain, or indefinite, oral evidence is not admissible to add to, change, or contradict them. Reid v. Diamond Plate Glass Co. (6) 85 Fed. 193, 29 C. C. A. 110; Jenkins v. Preston (6) 186 Fed. 609, 108 C. C. A. 473; Hirsch v. Georgia Iron & Coal Co. (6) 169 Fed. 578, 95 C. C. A. 76; De Witt v. Berry, 134 U. S. 307, 10 Sup. Ct. 536, 33 L. Ed. 896.

We have considered the remaining assignments and find them equally without merit, and we deem further elaboration unnecessary. It results that the judgment must be affirmed, with costs.