WALTERS, ADMX., ET AL., APPELLANTS, *v.*
FIRST NATIONAL BANK OF NEWARK ET AL., APPELLEES.

[Cite as Walters v. First National Bank of Newark (1982),
69 Ohio St. 2d 677.]

(No. 81-502—Decided March 9, 1982.)

678

*Mr. Robert C. Paxton, II,* for appellants.

*Messrs. McDonald, Robison, Noecker* and *Koehler, Mr. Frank A. Robison* and *Mr. C. Herbert Koehler, Jr.,* for appellees.

*Per Curiam.* The trial court's award to appellees of a judgment on the pleadings can only be upheld if, viewing all material allegations in the pleadings and all reasonable inferences therefrom in the light most favorable to appellant, appellees are entitled to judgment as a matter of law. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161. The rendering of a judgment on the pleadings in defendant's favor is only appropriate where the plaintiff has failed in his complaint to allege a set of facts which, if true, would establish defendant's liability. The Court of Appeals, in the case at bar, held that, as a bank owes its customers no duty to advise them on structuring a loan to ensure the immediate effectiveness of credit life insurance, appellant's complaint stated no cause of action. We disagree.

Only last term, this court held that a lending institution must counsel a loan applicant as to how to secure mortgage insurance. *Stone* v. *Davis* (1981), 66 Ohio St. 2d 74. In *Stone,* at page 78, we stated:

"The facts surrounding and the setting in which a bank gives advice to a loan customer on the subject of mortgage insurance warrant a conclusion that, in this aspect of the mortgage loan process, the bank acts as its customer's fiduciary and is under a duty to fairly disclose to the customer the mechanics of procuring such insurance."

The fiduciary nature, at least in this respect, of the bank-customer relationship is predicated upon the bank's superior conversance with the area of loan processing, of which mortgage insurance is a component.

In her amended complaint, appellant specifically alleged that the bank's agent, in failing to structure the loan to make the decedent's credit life insurance immediately effective and in failing to furnish the insurer with the required data, acted negligently. The bank's agent, it may reasonably be inferred from the amended complaint, breached his duty, as set forth in *Stone* v. *Davis, supra,* to advise appellant and decedent as to how to proceed to obtain the result, *i.e.,* immediate insurance coverage, they desired. Thus, the complaint, as amended, in the instant cause, states a legally cognizable cause of action.

Moreover, assuming *arguendo,* that appellant's amended complaint did not allege negligence, under the petition an action would still lie for misrepresentation. See *Park Fed. Sav. & L. Assn.* v. *Lillie* (1970), 24 Ohio Misc. 271. Appellant speaks expressly of misrepresentation in her amended complaint. She asserts explicitly therein that the decedent and she were intentionally led to believe that the credit life insurance they desired had been secured and was in effect as of October 1, 1977, the day the mortgage note was executed. Appellant further alleges that, but for their reliance on the bank's and its agent's representations, decedent and she would have sought insurance elsewhere. Appellant contends finally that the bank's and its agent's actions damaged both decedent's estate and her personally as the mortgage remains unpaid. As the complaint, as amended, alleges that appellees made certain representations; that appellees intended for appellant and decedent to rely on these representations; that appellant and decedent did so rely; and that, as a result of said reliance, they suffered damages, the amended complaint states a cause of action for misrepresentation.

Indeed, the facts in the case at bar are strikingly similar to those in *Robichaud* v. *Athol Credit Union* (1967), 352 Mass. 351, 225 N.E. 2d 347, cited by the court in *Park Fed. Sav. & L. Assn.* v. *Lillie, supra.* The court in *Robichaud, supra,* ruled that evidence that a bank employee represented to mortgagor that loan was insured, that the bank officers had represented to mortgagor that mortgagor's life was insured and that the mortgagor relied upon representations in making payment for insurance premiums together with loan payments was sufficient to support the trial court's decree cancelling the mortgage and note executed by mortgagor who subsequently died.

In her complaint, appellant alleged that included in the monthly installment payments for the loan was the monthly premium for credit life insurance. Thus, the principle enunciated in *Robichaud, supra,* and espoused in *Park Federal, supra,* is most apposite in the instant cause.

As to appellant's allegations that the bank's failure to fulfill its promise to procure credit life insurance for decedent constituted a breach of contract, a cause of action lies notwithstanding the fact that there exists no written memorializa-

tion of the promise. Ordinarily, as such a promise would be said to modify the written agreement, *i.e.,* the mortgage note and loan papers, the parol evidence rule would act to preclude admission of any evidence which tended to show that such an oral agreement had been reached. *American Guaranty Co.* v. *American Fidelity Co.* (C.A. 6, 1919), 260 F. 897. A party may, however, proffer evidence of a contemporaneous oral agreement when the agreement was made in order to induce a party to enter into a written contract. *Sparhawk* v. *Gorham* (1957), 101 Ohio App. 362. In the case at bar, appellant makes just such an allegation.

Appellant also asserts that the trial court erred in overruling her motion for summary judgment. As the appellant's motion was not timely filed, we find the trial court's actions, in this respect, proper.[2]

Accordingly, we reverse the judgment of the Court of Appeals to the extent it affirms the trial court's rendition of a judgment on the pleadings in favor of appellees, and the cause is remanded to the trial court for further proceedings.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, C. BROWN and KRUPANSKY, JJ., concur.

HOLMES, J., concurring in judgment. The legal principles as announced by this court in *Stone* v. *Davis* (1981), 66 Ohio St. 2d 74, do not dictate the result that should be reached in the stance of this case. However, the appellant has alleged facts within the complaint and amended complaint which, if proven, could establish grounds for liability of the appellee bank.

In *Stone* v. *Davis,* there was an express written request for credit life insurance set forth by the borrower upon the loan form. This court held that the savings and loan had a duty to advise the customer how to procure the insurance, or itself obtain the insurance. Here, the bank processed the application for credit life for the 10-year loan, but such insurance, ac-

---

[2] Civ. R. 56(A) states, in relevant part: " * * * If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." Civ. R. 56(C) provides, in pertinent part: "The motion [for summary judgment] shall be served at least fourteen days before the time fixed for hearing." In the case at bar, appellant made her motion at trial.

cording to the terms of the application, was not to go into effect until a policy was issued. In such instance, absent any further allegations, the bank, within my purview of *Stone* v. *Davis,* would have no further obligation or duty.

However, the pleadings assert other claims against the appellee bank. The amended complaint, in Count II, section 6, alleged that:

"On October 1, 1977, defendant Wilson closed this loan with the decedent and his wife, assuring them that credit life insurance was obtained and that the decedent and his wife were led to believe this by defendant Wilson."

Count II, section 7, of the amended complaint alleged:

"Defendant Wilson's closing checklist indicated that credit life had been obtained."

Count II, section 12, of the amended complaint stated:

"In the alternative, plaintiffs allege that the defendant misrepresented to the plaintiffs the fact that credit life insurance would be applicable regarding the October 1, 1977 loan."

In Count III, section 16, the appellant alleged that:

"Defendants First National Bank of Newark, Ohio and Wilbur W. Wilson III by their representations and course of conduct led the decedent Arley Lee Walters and plaintiff Genevie Walters to believe that credit life insurance was in effect on the date of the closing, October 1, 1977, when at the same time said defendants had in existence an internal policy with The Credit Life Insurance Company of Springfield, Ohio, that no policy of insurance could be effective until the first day of the succeeding month after the application was made."

A complaint is sufficient to stand the test of a motion for judgment upon the pleadings unless it appears beyond doubt that the appellant can prove no set of facts in support of her claims which would entitle her to relief: See McCormac, Civil Rules Practice, Motions, at section 6.20.

Upon a motion for judgment upon the pleadings, pursuant to Civ. R. 12(C), the appellant is entitled to have all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161.

Therefore, I conclude that the appellant's amended com-

plaint does set forth allegations which, if proven, could establish the liability of the appellee. However, the burden of the appellant here upon a trial of these issues would be a heavy one in that the proof of the statements of the bank's agent to the effect that the credit life insurance would be immediately effective must stand in contrast with the fact that the insurance application itself stated that such insurance would not be effective until a policy was issued. Nonetheless, she must be given the opportunity to offer such proof.

Accordingly, I concur in the judgment.