NIXON, Exr., Appellant,

v.

BANK ONE OF EASTERN OHIO, N.A., et al., Appellees.

[Cite as *Nixon v. Bank One of E. Ohio, N.A.* (1991), 74 Ohio App.3d 550.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1427.

Decided June 13, 1991.

*Naren Biswas*, for appellant.

*David W. Raybuck*, for appellee Bank One of Eastern Ohio, N.A., now known as Bank One, Youngstown, N.A.

*Henderson, Covington, Stein, Donchess & Messenger* and *Christopher J. Newman*, for appellee Yegen Equity Loan Corp.

---

PEGGY BRYANT, Judge.

Plaintiff-appellant, Theodore A. Nixon, executor of the estate of Georgia A. Nixon, deceased, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Bank One of Eastern Ohio, N.A. ("Bank One"), and the motion to dismiss of defendant-appellee, Yegen Equity Loan Corp ("Yegen").

On October 19, 1989, plaintiff filed a complaint against defendants asserting that sometime before September 13, 1984, Marcia Nixon applied to defendant Bank One through its agent, Yegen, for a loan in the amount of $27,674. Defendants agreed to make the loan provided that Georgia Nixon was a co-maker. Georgia agreed to sign the note as a co-maker provided credit life insurance be issued on Marcia's life.

According to plaintiff's complaint, the loan transaction was completed in September 1984. Bank One loaned $27,674 to Marcia; Marcia signed the note as a first borrower, and Georgia signed as the second borrower. The loan transaction documents, which plaintiff asserts contain the agreement among the parties, indicate that Marcia applied for[1] credit life insurance on her own life, at a premium cost of $1,912.51; Georgia requested no credit life insurance on Marcia's or her own life.

---

1. Documents supplied with respect to the summary judgment motion of Bank One indicate that Marcia's credit life insurance was granted the same day loan documents were dated.

Plaintiff further alleged that, without notice to Georgia, defendants permitted Marcia to alter the loan agreement by canceling the credit life insurance and by refunding the premium to her.

Marcia died on October 5, 1985 without credit life insurance and Georgia ultimately fulfilled the obligation on the note.

Bank One filed a motion for summary judgment; and Yegen filed a motion to dismiss plaintiff's complaint for failure to state a claim on which relief could be granted. The trial court granted defendants' motions, and plaintiff appeals therefrom setting forth three assignments of error:

"1. The trial court erred in holding that a lender may, after a loan has been entered into, permit a borrower to cancel credit life insurance on the borrower's life without the consent of nor notice to the co-borrower.

"2. The trial court erred in holding that Ohio Rev.Code § 1321.57(E) applied to relieve the lenders.

"3. The court erred in finding that Georgia Nixon by paying the balance of the loan after the borrower's death waived her claims against the lenders."

In its first assignment of error, plaintiff asserts that the trial court erred in holding that defendants could permit Marcia to cancel credit life insurance under the loan agreement without consent of or notice to Georgia Nixon. Inasmuch as plaintiff contended in the trial court that his complaint asserted a claim in contract, we initially examine plaintiff's first assignment in that context.

██ Preliminarily, we note that plaintiff does not assert in his complaint that Marcia, Georgia, and defendants agreed that credit life insurance on Marcia was a condition to Georgia's being a co-signer on the note. Rather, plaintiff asserts that the entire agreement between the parties is contained in the loan documents attached to the complaint which do not indicate that credit life insurance on Marcia was a condition of the loan, or even Georgia's concern. To the contrary, the documents reflect that Marcia requested credit life insurance on her own life, but that Georgia, when presented with the option of requesting credit life insurance on Marcia's life, chose no insurance of any kind on the loan. Further, nothing in the loan documents indicates that defendants required, or agreed to ensure, that Marcia maintain credit life insurance throughout the life of the loan; or that defendants agreed either to obtain Georgia's permission before allowing cancellation of Marcia's credit life insurance or to advise Georgia in the event of such cancellation.

Nor does R.C. 1321.57(E), which permits the borrower to cancel insurance obtained at the borrower's request, alter the terms of the contract herein. By its terms, R.C. 1321.53(E) does not apply to Bank One. To the extent that

R.C. 1321.57(E) applies to Yegen, the statute confers the right to cancel only upon Marcia, the sole borrower requesting insurance; thus, the consent of Marcia alone was sufficient to effect cancellation pursuant to R.C. 1321.57(E).

█ In the final analysis, plaintiff seems to urge that we release Georgia from her suretyship obligation on the note because defendants impaired the collateral securing the note when they allowed Marcia to cancel her credit life insurance. However, R.C. 1309.01(A)(3) defines "collateral" as "property subject to a security interest"; and, pursuant to R.C. 1309.14(A), a security interest attaches to property only when the property is in the possession of the secured party or the debtor has signed a security agreement covering the property. Plaintiff having failed to allege any facts which support attachment of a security interest in the policy, we cannot conclude that the policy is collateral. Consequently, even if Georgia was a surety on the note, which is not apparent from the loan documents, Georgia is not entitled to release from her obligation, because cancellation of the policy impaired no collateral securing the note.

In short, since the contract terms neither required credit life insurance nor demanded consent to, or notice of, such cancellation, and since the law, as applied to Yegen, allowed Marcia the opportunity to cancel that credit life insurance, we are unable to see how defendants have changed the terms of the agreement in allowing Marcia to exercise her rights under R.C. 1321.57(E) without notice to or consent of Georgia. Contractually, we find no basis for liability against defendants.

█ Relying on *Walters v. First Natl. Bank of Newark* (1982), 69 Ohio St.2d 677, 23 O.O.3d 547, 433 N.E.2d 608, and *Stone v. Davis* (1981), 66 Ohio St.2d 74, 20 O.O.3d 64, 419 N.E.2d 1094, plaintiff also argues that Bank One breached its fiduciary duty to Georgia in failing to advise Georgia of Marcia's canceling the credit life insurance under the loan. Preliminarily, we note, as did the trial court, that plaintiff's arguments under a fiduciary-duty theory sound in tort, *Hart v. Guardian Trust Co.* (1945), 52 Ohio Law Abs. 225, 75 N.E.2d 570; *Thropp v. Bache Halsey Stuart Shields, Inc.* (C.A.6, 1981), 650 F.2d 817, 822, and are governed by the four-year statute of limitations contained in R.C. 2305.09. See R.C. 2305.09(D); see, also, *Thropp, supra.*

█ Plaintiff's cause of action for a breach of fiduciary duty accrues when his interest is impaired by such a breach. *Kunz v. Buckeye Union Ins. Co.* (1982), 1 Ohio St.3d 79, 81, 1 OBR 117, 119, 437 N.E.2d 1194, 1196 (adopting the rule of *Austin v. Fulton Ins. Co.* [Alaska 1968], 444 P.2d 536, that impairment occurs under earthquake insurance when a loss by earthquake occurs). Thus, at the latest, plaintiff's cause of action accrued when

Marcia died on October 5, 1985 without credit life insurance, leaving Georgia solely liable on the note. Plaintiff's cause of action having accrued on October 5, 1985, the four-year statute of limitations expired prior to plaintiff's complaint being filed on October 19, 1989.

Plaintiff's first assignment of error is overruled.

In its second assignment of error, plaintiff contends that the trial court erred in holding that R.C. 1321.57(E) applied to relieve the defendants herein of liability. As noted under plaintiff's first assignment of error, while we agree with plaintiff that that section does not apply to Bank One, even if R.C. 3127.57(E) applies to Yegen, that fact does not alter the result herein. Hence, to the extent the trial court erred in its application of R.C. 1321.57(E), we find no prejudice and overrule plaintiff's second assignment of error.

In its third assignment of error, plaintiff asserts that the trial court erred in finding that Georgia's paying the balance of the loan after Marcia's death waived her claim against defendants. To the extent the trial court erred, we find no prejudice herein given our disposition of the first assignment of error. Accordingly, we overrule the third assignment of error.

In the final analysis, applying the appropriate standard of review to motions to dismiss as set forth in *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus, as well as the appropriate standard of review as set forth in Civ.R. 56, we find the trial court properly granted defendants' motions. Having overruled all three assignments of error herein, we affirm the judgment of the trial court.

*Judgment affirmed.*

JOHN C. YOUNG and PETREE, JJ., concur.