ROSS, Appellee,

v.

**OHIO BAR LIABILITY INSURANCE COMPANY, Appellant.**

[Cite as *Ross v. Ohio Bar Liab. Ins. Co.* (1998), 124 Ohio App.3d 591.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1997CA00397.

Decided May 18, 1998.

*Ross, Kendig, Donohew & Arnold, Ltd., John C. Ross, Monty L. Donohew* and *Todd A. Harpst,* for appellee.

*Kitchen, Deery & Barnhouse, Co., L.P.A..,* and *Eugene B. Meador,* for appellant.

JOHN W. WISE, Judge.

Appellant Ohio Bar Liability Insurance Company ("OBLIC") is appealing the decision of the Stark County Court of Common Pleas that granted OBLIC's motion for summary judgment in part and denied it in part. The trial court also granted in part and denied in part the motion for summary judgment filed by appellee William J. Ross. However, appellee Ross did not appeal the trial court's decision. The facts giving rise to this case are as follows.

On September 23, 1992, appellee William J. Ross filed a shareholder's derivative action in the Stark County Court of Common Pleas against Bexco Development Company, Belden Park Company, W.L. Holder Construction Company, and Lon Swinehart. Appellant OBLIC issued insurance policy number 118476 to the law firm of Robertson, Ross, Ziglen & Pidcock ("Robertson law firm"), effective November 13, 1992 to November 13, 1993. This policy applied to claims made and reported to OBLIC within the policy period.

On August 2, 1993, the Robertson law firm requested that appellee William J. Ross be deleted from the policy. OBLIC complied with this request and on August 3, 1993, sent notice of appellee Ross's deletion effective August 1, 1993. Also on this date, OBLIC issued a refund of premium in the amount of $678. On September 13, 1993, OBLIC received notice of the first lawsuit containing various claims against appellee Ross. The following day, OBLIC gave notice that the insurance policy did not provide coverage or a defense to appellee Ross.

This lawsuit was eventually voluntarily dismissed in September 1993. However, on October 14, 1994, this lawsuit was refiled in the Stark County Court of Common Pleas. In this second lawsuit, the defendants filed counterclaims against appellee Ross. Appellee Ross supplied OBLIC with copies of the counterclaims, in the second lawsuit, and requested a defense and insurance coverage. Appellant OBLIC confirmed, on March 20, 1995, that there would be no coverage for appellee Ross because he was not an insured under the policy and the claims were excluded by the exclusions and endorsements contained in the policy.

Thereafter, on December 4, 1995, appellee Ross filed a complaint for declaratory judgment in which he sought coverage under the policy issued by OBLIC. Appellant OBLIC filed a motion for summary judgment on July 7, 1997. Appellant Ross filed a motion for summary judgment on August 27, 1997. The trial court held that appellant OBLIC did not need to defend or provide coverage for Count I, Count II, Count III, Count V, Count VI, and Count VII of Swinehart's counterclaim filed in the second lawsuit. The trial court also found that appellant OBLIC did not need to defend or provide coverage for Count I, Count III, and Count IV of Holder's counterclaim against appellee Ross filed in the second lawsuit.

The trial court reasoned that these claims were claims other than that of professional negligence and, therefore, were not entitled to coverage. However, the trial court found that appellant OBLIC was required to provide coverage for the professional negligence counterclaims asserted against appellee Ross by Swinehart and Holder as appellee Ross timely notified appellant OBLIC of the claims against him.

Appellant OBLIC timely filed its notice of appeal and sets forth the following assignments of error for our consideration:

"I. The trial court erred as a matter of law when it ignored the intent of the parties to delete the appellee from the insurance policy.

"II. The trial court erred as a matter of law when it concluded that the term policy period was ambiguous.

"III. The trial court erred as a matter of law when it ignored the exclusions of coverage contained in the insurance policy.

"IV. The trial court erred as a matter of law when it failed to void the insurance policy based upon the material misrepresentations in the application for insurance."

### Standard of Review

Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 78–79, 506 N.E.2d 212, 214–215. Therefore, we must refer to Civ.R. 56, which provides:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1170–1171, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

It is based upon this standard that we review appellant's assignments of error.

### I, II

We will address appellant's first and second assignments of error simultaneously. Appellant contends, in its first assignment of error, that the trial court erred when it ignored the intent of the parties to delete appellee Ross from the insurance policy. In its second assignment of error, appellant contends the trial

court erred when it concluded that the term "policy period" was ambiguous. We disagree.

An insurance policy is a contract, and rights under that policy are purely contractual in nature. *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St.3d 107, 109, 15 OBR 261, 262–263, 472 N.E.2d 1061, 1062–1063. The construction of a written contract is a matter of law. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph one of the syllabus. Therefore, a written contract must be construed and interpreted from its four corners without consideration of parol evidence. *Walters v. First Natl. Bank of Newark* (1982), 69 Ohio St.2d 677, 681, 23 O.O.3d 547, 549–550, 433 N.E.2d 608, 611. Insurance policies are to be construed liberally in favor of the insured. *Gibbons v. Metro. Life Ins. Co.* (1939), 135 Ohio St. 481, 486, 14 O.O. 387, 389–390, 21 N.E.2d 588, 591, However, because insurance policies are contracts, courts must also effectuate the intent of the parties. *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, paragraph one of the syllabus.

In support of its first assignment of error, appellant OBLIC maintains that the intent of the parties was to delete appellee Ross from the insurance policy, which appellant OBLIC did and refunded a portion of the premium. Appellant maintains that once the deletion occurred, the intent of the parties was that appellee Ross would not be covered by policy number 118476. Appellant also maintains that the term "policy period" is not ambiguous and was adequately defined under the insurance policy.

The coverage portion of the policy provides, in relevant part, that coverage is provided for "an act, error, or omission of the Insured or any person for whose act, error or omission the Insured is legally liable, in rendering or failing to render Professional Services for others in the Insured's capacity as a lawyer" when the Insured gives notice of a claim within the policy period. "Professional Services" is defined in the policy as "all services or activities performed by the insured lawyer in a lawyer-client capacity on behalf of one or more clients."

The policy at issue defined the term "policy period" as "the period of time between the inception date shown in the declarations and the **Effective Date** of termination, expiration or cancellation of coverage and specifically excludes any **Extended Reporting Period** or periods."

We agree with the trial court's conclusion that the term "policy period" is ambiguous. Pursuant to the above definition of "policy period," it can reasonably be interpreted that appellee Ross gave notice of the claims within the policy period, as he notified appellant OBLIC prior to the expiration of policy number 118476 issued to the Robertson law firm, but after his deletion from the

above policy. Pursuant to the *Gibbons* case, we must construe this ambiguous language against appellant OBLIC and liberally in favor of appellee Ross. In doing so, we find that appellee Ross timely notified appellant OBLIC of the claims against him.

Appellant's first and second assignments of error are overruled.

## III

In its third assignment of error, appellant OBLIC contends the trial court erred when it ignored the exclusions of coverage contained in the insurance policy. We disagree.

In support of this assignment of error, appellant OBLIC refers to the following policy exclusions contained in policy number 118476. First, appellant refers to the "Conflicts of Interest Endorsement," which provides:

"In consideration of the premium charged, it is agreed that this policy does not apply to:

"Any claims based upon or arising out of the insured's activities as legal counsel to any company, corporation, fund, trust, association or any other business enterprise of any kind or nature, be it charitable or otherwise, wherein the insured acts in the capacity of either an officer or director of that entity."

Appellant OBLIC maintains that the pleadings indicate that appellee Ross was a director, officer, and shareholder of the Bexco Development Company. In addition, W.L. Holder Construction Company was an equal shareholder with appellee Ross in the Bexco Development Company. Further, Lon Swinehart was a shareholder, officer, and director of Holder and served as an officer and director of Bexco Development Company. Appellant also contends that the pleadings establish that appellee Ross, Swinehart, and Holder had various business associations and dealings. Appellant OBLIC maintains that the "Conflicts of Interest" endorsement excluded coverage for those counterclaims arising out of appellee Ross's activities as an officer, director, and counsel of Bexco Development Company and Holder.

Appellant OBLIC also relies upon the "Additional Exclusions of Coverage" endorsement. This endorsement provides as follows:

"In consideration of the premium charged, it is agreed that this policy shall not apply:

"\* \* \*

"To any CLAIM against ANY INSURED brought by a current or former partner, director, officer, stockholder, member, employee or independent contractor of any business enterprise, not named in the declarations owned or formerly

owned in whole or in part by an INSURED or in which any INSURED is or was an officer, director, partner, trustee or employee, or which is or was directly or indirectly controlled, operated or managed by an INSURED either individually or in a fiduciary capacity."

Appellant OBLIC maintains that this endorsement is applicable because the counterclaims against appellee Ross were brought by former partners, directors, and/or stockholders of the Bexco Development Company in which appellee Ross was a director, officer, and shareholder of Bexco Development Company.

Finally, appellant OBLIC maintains that the policy contains additional exclusions of coverage in paragraphs (f) and (h), which provide as follows:

"This policy does not apply to:

"* * *

"(f) Any claim arising out of the insured's act, error or omission as an officer, director, partner, trustee, or employee of a business enterprise or charitable organization or of a pension, welfare, profit sharing, mutual or investment fund or trust;

"* * *

"(h) Any claim arising out of or in connection with the conduct of any business enterprise (including the ownership, maintenance or care of any property in connection therewith) wholly or partly owned by an insured or in which any insured is a partner, or which is directly or indirectly controlled, operated or managed by any insured either individually or in a fiduciary capacity."

Appellant OBLIC maintains that the counterclaims arise out of appellee Ross's ownership, control, management, and/or partnerships involving Bexco Development Company, Belden Park, and Holder.

We find, as did the trial court, that none of the above exclusions applies to the professional negligence counterclaims asserted against appellee Ross by Swinehart and Holder. The allegations of professional negligence against appellee Ross arise only from his services as legal counsel to Swinehart and Holder. Neither Swinehart nor Holder is an entity for which appellee Ross served as an officer or director. The mere fact that appellee Ross is a stockholder and director of Bexco Development Company does not exclude coverage for the professional negligence claims asserted against appellee Ross by Swinehart and Holder.

Appellant's third assignment of error is overruled.

## IV

In its final assignment of error, appellant OBLIC maintains that the trial court erred when it failed to void the policy based upon appellee Ross's material misrepresentations contained in the application for insurance. We disagree.

Specifically, appellant OBLIC contends that appellee Ross did not disclose his affiliations with the Bexco Development Company, Belden Park, or Holder, nor did he disclose his equity/shareholder interest in those companies. We find that appellee Ross's failure to disclose this information did not result in a material misrepresentation, as his affiliations with these business entities had no impact on whether or not he was entitled to coverage under policy number 118476.

Appellant's fourth assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

*Judgment affirmed.*

JOHN R. HOFFMAN and SMART, JJ., concur.

JOHN R. HOFFMAN, J., retired, of the Fifth Appellate District, and IRENE B. SMART, J., retired, of the Fifth Appellate District, sitting by assignment.