OPINION
Appellants, James and Jenny Sabin, appeal the September 24, 1999 judgment entry of the Lake County Court of Common Pleas.
Appellants purchased a house from appellees, Joyel and Amy Jo Ansorge. As part of the transaction, appellants executed a promissory note, dated April 9, 1996, promising to pay appellees $13,500 with interest of ten percent per annum. Under the terms of the promissory note, if appellants defaulted, appellees could demand payment in full, including reasonable attorney fees incurred in enforcing the note. The promissory note was secured by a second mortgage on appellants' house.
Appellants never made payments on the note. They allege that appellees had promised, at the time the note was executed, that the note would be forgiven and that the second mortgage would not be recorded. Approximately one year after purchasing their home, appellants attempted to refinance the property and discovered that the second mortgage had been recorded. At that time, appellants asked appellees to sign a satisfaction on the note and mortgage, but appellees refused.
On January 22, 1998, appellants filed a complaint to set aside the promissory note and the second mortgage. The mortgage originator, appellee, Gene Kati ("Kati"), was also named in the complaint because he had failed to obtain satisfaction on the promissory note and second mortgage held by appellees.
Appellees filed a counterclaim on March 20, 1998, seeking the $13,500 due on the promissory note, plus interest, attorney fees and foreclosure on the mortgage.
Appellants filed a motion for leave to file an amended complaint on July 28, 1998. The trial court denied the motion on August 27, 1998. Appellees filed a motion in limine, on February 16, 1999, to preclude appellants from using parol evidence to explain the terms of the purchase contract, promissory note and second mortgage. The trial court granted appellees' motion on May 4, 1999. The parties then agreed to a stipulation and judgment entry with respect to appellees' claims, with appellants reserving their right to appeal the evidential ruling.
Appellants filed an appeal from the stipulation and judgment entry on August 2, 1999, but this court held that the stipulation and judgment entry was not a final appealable order and dismissed the appeal. On August 3, 1999, the trial court entered a finding and decree in foreclosure, awarding appellees $13,500 plus interest at the rate of ten percent per annum from May 1, 1996, and $15,000 in attorney fees and expenses. On August 18, 1999, appellants filed a motion to vacate the judgment entries and reinstate the case to the active list. That motion was denied in a September 24, 1999 judgment entry by the trial court. Appellants filed the instant appeal from that September 24 judgment entry on October 21, 1999, and assert the following assignments of error:
 "[1.] The trial court erred to the prejudice of [appellants] in denying the motion for leave to file a first amended complaint.
 "[2.] The trial court erred to the prejudice of [appellants] in granting the motions in limine
preventing the use of parole [sic] evidence regarding the `creative financing' scheme in this matter.
 "[3.] The trial court erred and abused its discretion in granting judgment to [appellees] and in denying [appellants'] motion to vacate the judgment entries and motion to reinstate the case to the active list."
In their first assignment of error, appellants argue that the trial court should have granted their motion for leave to file a first amended complaint because there was no showing of prejudice to any of the other parties. We disagree.
Civ.R. 15(A) states in part:
 "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
The ultimate decision to grant leave to amend is within the sole discretion of the trial court. Easterling v. Am. Olean Tile Co., Inc.
(1991), 75 Ohio App.3d 846, 850. The trial court's decision to grant or deny a motion to amend a complaint is reviewed under an abuse of discretion standard. Freeman v. Cleveland Clinic Found. (1998),127 Ohio App.3d 378, 386. An appellate court will not determine that the trial court has abused its discretion, unless the movant has made a "prima facie showing of support for the new matters sought to be pleaded." (Emphasis sic.) Wilmington Steel Products, Inc. v. ClevelandElec. Illuminating Co. (1991), 60 Ohio St.3d 120, 122.
In this case, appellants' sole contention in their memorandum of support for their motion for leave to file an amended complaint was that Timothy Tabor had not yet been deposed and that in the course of discovery it had become apparent that information in his possession was relevant and vital to a fair and just determination of the issues of appellants' complaint. Appellants failed to identify in their memorandum the new matters they sought to plead, and also failed to make the prima facie showing of support for those matters required by Wilmington SteelProducts, Inc.[1] In view of the deficiencies in appellants' motion, the trial court had little choice but to deny it. Appellants' position on appeal amounts to an assertion that it is an abuse of discretion for a trial court to deny a motion for leave to file an amended complaint so long as the motion is filed at any time during the discovery process, regardless of the motion's merits. We disagree. For the foregoing reasons, appellants' first assignment of error is not well-taken.
In their second assignment of error, appellants argue that they should have been permitted to introduce parol evidence regarding the terms of the promissory note at issue in this case, because they entered into the promissory note due to fraudulent inducements on the part of appellees.
The "parol evidence rule precludes the introduction of evidence of conversations or declarations which occur prior to or contemporaneous with a written contract and which attempt to vary or contradict terms contained in the writing * * *." Gerwin v. Clark (1977),50 Ohio App.2d 331, 332-333. "A party may, however, proffer evidence of a contemporaneous oral agreement when the agreement was made in order to induce a party to enter into a written contract." Walters v. First Nat.Bank of Newark (1982), 69 Ohio St.2d 677, 681. To obtain a reversal of a trial court's decision with respect to the admissibility of evidence, an appellant must show that the trial court abused its discretion. O'Brienv. Angley (1980), 63 Ohio St.2d 159, 163.
Appellants contend that at the time the promissory note was executed, appellees had made a verbal promise not to collect on the promissory note. This is exactly the type of evidence that is not admissible under the parol evidence rule. Walters at 681. Appellants argue that the contemporaneous oral agreement should be admissible in this case, in spite of the parole evidence rule, because they were fraudulently induced into signing the promissory note by appellees' contemporaneous promise. However, appellants failed to plead fraud in their complaint and this court will not permit them to raise the issue at this late date.
Civ.R. 9(B) requires that fraud be pled with specificity. The trial court in this case did not abuse its discretion when it refused to admit evidence that appellants argued was admissible because appellees committed fraud, when appellants never pled fraud in their complaint.[2]
For the foregoing reasons, appellants' second assignment of error is not well-taken.
In their third assignment of error, appellants raise two issues. The first issue is whether the trial court erred in granting appellees attorney fees.[3] The promissory note, dated April 9, 1996, and executed by appellants contains the following clause: "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by my [sic] for all of its costs and expenses in enforcing this Note to the extent not prohibited by law. Those expenses include, for example, reasonable attorneys' fees."
In Miller v. Kyle (1911), 85 Ohio St. 186, paragraph one of the syllabus, the Supreme Court of Ohio held that "[i]t is the settled law of this state that stipulations incorporated in promissory notes for the payment of attorney fees, if the principal and interest be not paid at maturity, are contrary to public policy and void." The court later explained its holding in Miller noting that "[w]hen a stipulation to pay attorney fees is incorporated into an ordinary contract, lease, note or other debt instrument, it is ordinarily included by the creditor * * *. In the event of a breach or other default on the underlying obligation, the stipulation to pay attorney fees operates as a penalty to the defaulting party and encourages litigation * * *. In those circumstances, the promise to pay counsel fees is not arrived at through free and understanding negotiation." Worth v. Aetna Casualty SuretyCo. (1987), 32 Ohio St.3d 238, 242-243.
Shortly after upholding Miller in Worth, the Supreme Court of Ohio addressed the issue of whether parties to a noncommercial transaction, may lawfully contract to require the payment of attorney fees in the event of a lawsuit. Nottingdale Homeowners' Assn., Inc. v. Darby
(1987), 33 Ohio St.3d 32, 33. The court held that when the parties to a non-commercial transaction assent to a contractual provision stipulating the payment of attorney fees, and the parties are competent, have equal bargaining power, and are not under compulsion or duress, such a provision will be enforced. Id. at 35. However, the court did not overrule its holding in Miller with respect to debt instruments. "Simply put, the Ohio Supreme Court has specifically refused to overrule Miller and its progeny and in fact has left those cases undisturbed." CITGroup/Equip. Financing, Inc. v. New GIFL, Inc. (N.D.Ohio. 1993),823 F. Supp. 479, 487. It was the understanding of the district court that Nottingdale did not change the common law, but simply carved out an exception to the general rule that provisions for attorney fees are unenforceable. Id. See, also, Liberty Sav. Bank, F.S.B. v. Sortman
(Apr. 17, 1998) Montgomery App. No. 16532, unreported, at 7, 1998 WL 184483, citing Hilb, Rogal Hamilton Agency of Dayton, Inc. v. Reynolds
(1992), 81 Ohio App.3d 330, for the proposition that Miller continues to apply to attorney fee clauses contained in debt instruments.
While there is merit to appellees' argument that, in assessing the legitimacy of provisions for attorney fees, the trend indicated byNottingdale is towards an emphasis on the relative bargaining power of the parties to the contract in determining the legitimacy of such provisions, this court believes that the prohibition against the enforcement of provisions for attorney fees in debt instruments propounded in Miller is still the law in Ohio. Therefore, with respect to the first issue raised in appellants' third assignment of error, appellants' argument is well-taken, and we find that the trial court erred as a matter of law in awarding appellees attorney fees of $15,000.
The second issue raised by appellants in their third assignment of error is that the promissory note and mortgage were part of an illegal financing scheme and, therefore, should not be enforced. Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * illegality * * *." In Arthur Young Co. v.Kelly (1993), 88 Ohio App.3d 343, 348, the court cited Civ.R. 8(C) for the proposition that "[i]llegality is an affirmative defense which must be set forth with specificity."
The appellants did not set forth illegality as one of their affirmative defenses to appellees' counterclaims.[4] Therefore, the second issue raised by appellants in their third assignment of error is without merit.
For the foregoing reasons, the judgment entry of the trial court is reversed, in part, with respect to the third assignment of error regarding the awarding of attorney fees, and affirmed in part with respect to the remaining assignments of error.
______________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
[1] In their brief submitted to this court, appellants contend that they intended to amend their complaint to include claims of fraudulent inducement and illegality. However, these issues were not presented to the trial court in appellants' motion for leave to file an amended complaint.
[2] Parol evidence may be introduced to show that parties never intended to be bound by the contract, for example, if the contract is a joke or a "disguise to deceive others." In re H. Hicks Son, Inc.
(C.A.2, 1936), 82 F.2d 277, 279; Natl. City Bank, Akron v. Donaldson
(1994), 95 Ohio App.3d 241, 246. Appellants, for obvious reasons, have not argued that they conspired with appellees to commit bank fraud and that they were subsequently hornswoggled by their co-conspirators. Therefore, the issue of whether parol evidence is admissible to show that the promissory note was simply a sham contract is not before this court.
[3] Appellees contend that appellants waived the issue of attorney fees by failing to raise it at the trial court level. We believe that the record does not reflect such a waiver.
[4] Even if appellants had raised illegality as an affirmative defense, there is nothing inherently unlawful about the execution of the promissory note at issue in this case.