[Cite as *Singh v. Cleveland Clinic Found.*, 2013-Ohio-2465.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99066**

## PARAMJIT SINGH, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## CLEVELAND CLINIC FOUNDATION, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-786358

**BEFORE:** Keough, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 13, 2013

**ATTORNEY FOR APPELLANTS**

David M. Lynch
29311 Euclid Avenue
Suite 200
Wickliffe, Ohio 44092

**ATTORNEYS FOR APPELLEES**

John S. Polito
Brian F. Lange
Bonezzi Switzer Murphy
Polito & Hupp Co., L.P.A.
1300 East Ninth Street
Suite 1950
Cleveland, Ohio 44114

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiffs-appellants, Paramjit Singh and Jatinder Kaur ("appellants"), appeal from the trial court's judgment dismissing their complaint for intentional infliction of emotional distress. For the reasons that follow, we affirm.

## I. Background

{¶2} On December 29, 2009, appellants filed a complaint for medical malpractice against defendants Cleveland Clinic Foundation, Hillcrest Hospital, Dr. Erol Beytas, Dr. Natalya Eidlin, Dr. Leonard Kahn, Dr. Vinit Makkar, Dr. Glenn Meden, and Dr. Teresa Ruch. Appellants sought damages for defendants' alleged negligent medical care of Singh at Hillcrest Hospital in July 2008. On April 19, 2010, appellants voluntarily dismissed their complaint without prejudice pursuant to Civ.R. 41(A).

{¶3} On July 3, 2012, appellants refiled their complaint. The complaint was again based on defendants' care of Singh at Hillcrest Hospital in July 2008, but this time the complaint asserted a cause of action for intentional infliction of emotional distress, and no medical malpractice claim. Specifically, appellants alleged that the defendants told Ms. Kaur, Singh's wife, that nothing more could be done to save Singh or return him to a meaningful existence, and that it was appropriate to remove him from life support. Appellants alleged that defendants' advice was incorrect because, at Ms. Kaur's insistence, Singh was moved to another hospital where he was treated and saved. Appellants further alleged that defendants' erroneous advice caused them mental anguish and constituted intentional infliction of emotional distress.

{¶4} Defendants subsequently filed a motion for judgment on the pleadings requesting that the trial court dismiss the complaint. They argued that appellants' intentional infliction of emotional distress claim was, in essence, a medical malpractice claim that was time barred. They argued further that the complaint should be dismissed because appellants had not filed an affidavit of merit as required under Civ.R. 10(D)(2).[1]

{¶5} The trial court granted defendants' motion to dismiss. The court found that "a plain reading of the complaint shows that [appellants'] intentional infliction of emotional distress claim is based on an alleged negligent medical diagnosis of Mr. Singh" and that their claim for intentional infliction of emotional distress was therefore a derivative medical claim that required an affidavit of merit under Civ.R. 10(D), which they had not filed. The court further found that the complaint was filed outside the one-year statute of limitations applicable to medical claims set forth in R.C. 2305.113.

{¶6} Appellants timely appealed from the trial court's judgment.

## II. Analysis

{¶7} Appellants contend that the trial court erred in dismissing their complaint because they make no claim for medical malpractice in their complaint and hence, their claim for intentional infliction of emotional distress is not a derivative medical claim. Accordingly, they contend, the complaint was timely filed and no affidavit of merit was required. Appellants' argument is not well-founded.

---

[1] Civ.R. 10(D)(2)(a) provides that "a complaint that contains a medical claim * * * as defined in R.C. 2305.113 * * * shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability."

**{¶8}** A "medical claim" is "any claim that is asserted in any civil action against a physician, podiatrist, [or] hospital * * * that arises out of the medical diagnosis, care, or treatment of any person. " R.C. 2305.113(E)(3). A "medical claim" includes "[d]erivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." R.C. 2305.113(E)(3)(a). Derivative claims include, but are not limited to:

> claims of a * * * spouse of an individual who was the subject of any medical diagnosis, care, or treatment * * *, that arise from that diagnosis, care, treatment, or operation, and that seek the recovery of damages for * * * (a) [l]oss of society, consortium, companionship, care * * * or any other intangible loss that was sustained by the * * * spouse.

R.C. 2305.113(E)(7).

**{¶9}** In this case, the plain language of appellants' complaint satisfies the definition of a derivative medical claim as set forth in R.C. 2305.113(E)(7). The complaint alleges that in July 2008, "Singh was under the care of the defendants who, in turn, provided medical care to the plaintiff * * * at Hillcrest Hospital." The complaint further alleges that "during the course of treatment of [Singh]," the defendants improperly informed Ms. Kaur that nothing further could be done to save Singh, causing appellants emotional distress because Singh was ultimately moved to another hospital and saved.

**{¶10}** It is apparent from the complaint that the defendants' alleged communication to Ms. Kaur about Singh arose from the defendants' "diagnosis, care, or treatment" of Singh while he was a patient at Hillcrest Hospital. Thus, appellants' claim for intentional infliction of emotional distress arising from this communication is a derivative claim for relief under R.C. 2305.113(E)(7), making it subject to the "medical

claim" requirements of Civ.R. 10 and R.C. 2305.113(B)(1).

{¶11} Despite appellants' argument that their emotional distress claim is not a derivative claim because the complaint does not allege any medical malpractice, the essential claim of appellants' complaint is one of medical malpractice, regardless of how the claim is characterized. The complaint alleges that the defendants were incorrect in telling Ms. Kaur that nothing could be done to save her husband. This allegation is an assertion of medical malpractice and, thus, any emotional distress allegedly incurred as a result of that communication is necessarily a derivative claim.

{¶12} The First District reached a similar conclusion in *Butler v. Jewish Hosps. Inc.*, 1st Dist. No. C-940119, 1995 Ohio App. LEXIS 1787 (May 3, 1995). In *Butler*, a wife brought an emotional distress claim after a nurse inadvertently blurted out in front of her that her husband had died, when in fact he had not. The wife argued that her emotional distress claim was not a "medical claim," and thus not subject to the one-year statute of limitations for medical claims, because she was not the patient. The court disagreed, holding that the wife's emotional distress claim was a medical claim because it arose out of the care and treatment of the patient.

{¶13} Likewise, in *Roberts v. Luneau-Gordon, M.D.*, 2d Dist. No. 15212, 1995 Ohio App. LEXIS 5245 (Nov. 29, 1995), the Second District held that the parents' claim for intentional infliction of emotional distress based on the alleged negligent treatment of their minor child was a derivative medical claim. The parents alleged that the defendants failed to administer an MRI every six months, which delayed the discovery of an enlarged

tumor in the child. The parents alleged that the delay in diagnosis and the resulting injury caused them emotional harm. The appellate court affirmed the trial court's grant of summary judgment to the defendants, finding that the parents' emotional distress claim arose out of the medical treatment and diagnosis of their child and, thus, was a derivative claim for relief based on the underlying medical malpractice action, which failed.

{¶14} In this case, appellants' claim for intentional infliction of emotional distress arose out of defendants' medical care and treatment of Singh. Accordingly, it is a derivative claim subject to the requirements of Civ.R. 10 and R.C. 2305.113. Because appellants did not file a certificate of merit, as required by Civ.R. 10, and because the complaint was filed well after the one-year statute of limitations set forth in R.C. 2305.113, the trial court properly dismissed the case. Appellants' assignment of error is therefore overruled.

{¶15} Affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

KENNETH A. ROCCO, J., CONCURS;
MELODY J. STEWART, A.J., DISSENTS. (SEE ATTACHED DISSENTING OPINION.)


MELODY J. STEWART, A.J., DISSENTING:

{¶16} While I recognize the existence of the contrary authority cited by the majority, I nonetheless believe that the intentional infliction of emotional distress claim is not a derivative medical claim under R.C. 2305.113(E)(3)(a).

{¶17} As the majority notes, a derivative claim is described in R.C. 2305.113(E)(7) and as applicable here, establishes that such claims arise from the "diagnosis, care, treatment, or operation, and that seek the recovery of damages for * * *(a) [l]oss of society, consortium, companionship, care * * * or any other *intangible loss* that was sustained * * *." *Id.* (Emphasis added.)

{¶18} There is no question that the intentional infliction of emotional distress claim arose from the diagnosis and care of Singh; however, the court cannot conclude from the face of the complaint that the claim seeks only the recovery of an "intangible loss" sustained by plaintiffs. An intentional infliction of emotional distress claim can encompass emotional harm that manifests in bodily injury. *See* 1 Restatement of the Law 2d, Torts, Section 46(1); *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 374-375, 453 N.E.2d 666 (1983).

{¶19} Because the defendants filed a Civ.R. 12(C) motion for judgment on the pleadings, the complaint could only be dismissed if the plaintiffs could prove no set of

facts entitling them to relief. *Walters v. First Natl. Bank of Newark*, 69 Ohio St.2d 677, 433 N.E.2d 608 (1982). The allegations in the complaint could encompass a bodily injury resulting from the alleged intentional conduct. And if the plaintiffs offered evidence of medical treatment necessitated by their alleged injuries, those damages would not be an "intangible loss." I believe that granting the motion for judgment on the pleadings was, therefore, erroneous.